UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JUNE BENNETT, JOCELYN MCCALLA and
JUAN VILLALON,

                Plaintiffs,

-against-

KINGSBRIDGE HEIGHTS REHABILITATION
CARE CENTER,

                Defendant.
------------------------------------------------------------------------X

Case No.: 07-cv-9456
(LAK)(DFE)

**AFFIRMATION OF PAMELA J. EISNER IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

      **PAMELA J. EISNER**, being duly admitted to practice in the United States District Court for the Southern District of New York, and the Courts of the State of New York, affirms under the penalty of the law as follows:

      1.     I am an associate with the law firm of Frank & Associates, P.C., attorneys for Plaintiffs June Bennett, Jocelyn McCalla and Juan Villalon (collectively "Plaintiffs"). As such, I am fully familiar with the facts set forth herein.

      2.     I submit this affirmation in support of Plaintiffs' Motion for Leave to File and Serve the Proposed Amended Complaint annexed hereto as "Exhibit A."

      3.     Plaintiffs commenced this action on or about October 23, 2007. A copy of the Complaint is annexed hereto as "Exhibit B" for the convenience of the Court. The Complaint asserts claims against Kingsbridge Heights Rehabilitation Care Center ("Defendant") under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §2000e *et. seq.*, the Civil Rights Act of 1866, as amended ("§ 1981"), 42 U.S.C. § 1981, *et. seq.*, the Age Discrimination in Employment Act of 1967, as amended, ("ADEA"), 29 U.S.C. § 621, *et. seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. Law § 296, *et. seq.*, and the New York City Administrative

Code ("NYCHRL"), N.Y.C. Admin. Code § 8-107, *et. seq.* for discrimination on the basis of race, color, national origin and age[1], and in retaliation for their complaints of discrimination[2].

4. Defendant served its Answer on or about December 14, 2007.

5. Plaintiffs seek leave to amend the Complaint to clarify their claims by adding facts/allegations to further explain the factual basis of Defendant's liability. Specifically, during Plaintiff Bennett's employment, Defendant retaliated against her after she complained about the discriminatory manner in which she and her co-workers were bring treated. Such retaliation included, but was not limited to harassment by Defendant in front of patients and their families.

6. Plaintiffs also seek leave to amend the Complaint to add a cause of action for Defendant's Failure to Notify Plaintiffs of their Right to Elect Continuation of Coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et. seq.*

**Leave To Amend Should Be Granted**

7. Granting Plaintiffs' Motion for Leave to Amend will not cause any undue delay in this action. This action is in the initial stages of discovery, and the Initial Conference Order provides that motions to amend the pleadings should be filed by February 15, 2008. This time was subsequently extended to February 25, 2008.

8. The proposed changes to the Complaint will not cause prejudice to Defendant's ability to defend on the merits, since the facts and cause of action Plaintiffs

---

[1] Only Plaintiff McCalla has asserted a claim for age discrimination under the ADEA, NYSHRL and NYCHRL.

seek to add arise out of the same transaction and facts and circumstances as set forth in the Original Complaint, to which Defendant has already interposed an Answer.

9.    For all the foregoing reasons, Plaintiffs respectfully request the Court grant the instant Motion for Leave to Amend the Complaint.

Dated: Farmingdale, New York
       February 22, 2008

                              FRANK & ASSOCIATES, P.C.
                              Attorneys for Plaintiff

                              *Pamela J. Eisner* (signature)
                              Neil M. Frank, Esq. (NF-0521)
                              Pamela J. Eisner, Esq. (PE-5678)
                              500 Bi-County Boulevard, 112N
                              Farmingdale, New York 11735
                              631-756-0400

---

[2] Only Plaintiffs Bennett and Villalon have asserted claims for retaliation under Title VII, § 1981, the NYSHRL and NYCHRL.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUNE BENNETT, JOCELYN MCCALLA and
JUAN VILLALON,

                Plaintiff,

- against -

KINGSBRIDGE HEIGHTS REHABILITATION
CARE CENTER,

                Defendant.
-------------------------------------------------------------------X

Case No.: 07-cv-9456
(LAK)(DFE)

**PROPOSED AMENDED COMPLAINT**

Jury Trial Demanded

Plaintiffs, **JUNE BENNETT, JOCELYN MCCALLA and JUAN VILLALON** by and through their attorneys, **FRANK & ASSOCIATES, P.C.**, complain and allege as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiffs bring this action to recover declaratory, affirmative and injunctive relief and monetary damages based upon Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e *et seq.*, The Civil Rights Act of 1866, as amended, ("§ 1981"), 42 U.S.C. § 1981, *et. seq.*, The Age Discrimination in Employment Act of 1967, as amended, ("ADEA"), 29 U.S.C. § 621 *et. seq.*, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et. seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. Law §290 *et. seq.*, the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107 *et. seq.*, and other appropriate rules, regulations, statutes and ordinances.

### II. JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

4. This action properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391 because the unlawful discriminatory conduct alleged herein occurred within the County of Bronx in the State of New York.

5. This court has power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Plaintiffs filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and bring this action within ninety (90) days of the receipt of individual Notices of Right to Sue, issued by the EEOC on July 26, 2007. True and accurate copies of which are attached hereto as Exhibit "A."

### III. PARTIES

7. Plaintiff **JUNE BENNETT** ("Plaintiff Bennett") is a citizen of the State of New York, currently residing in the County of Brooklyn.

8. Plaintiff **JOCELYN MCCALLA** ("Plaintiff McCalla") is a citizen of the State of New York, currently residing in the County of Bronx.

9. Plaintiff **JUAN VILLALON** ("Plaintiff Villalon") is a citizen of the State of New York, currently residing in the County of Bronx.

10. At all times relevant to the Complaint, Plaintiffs were "employees" within the meaning of NYSHRL § 292(6) and "persons" within the meaning of 42 U.S.C. § 2000e(a), NYSHRL § 292(1) and NYCHRL § 8-102(1).

11. At all times relevant to the Complaint, Plaintiff McCalla was an "employee" within the meaning of 29 U.S.C. § 630(f) and a "person" within the meaning of 29 U.S.C. § 630(a).

12. Upon information and belief, Defendant **KINGSBRIDGE HEIGHTS**

**REHABILITATION CARE CENTER**, is a nursing home facility doing business at 3400-26 Cannon Place, Bronx New York 10463.

13. At all times relevant to the Complaint, Defendant employed more than fifteen (15) employees and is an "employer" within the meaning of 42 U.S.C. § 2000e(b), 29 U.S.C. § 630(b), 29 U.S.C. § 1167(4), NYSHRL §292(5) and NYCHRL § 8-102(5).

14. At all times relevant to the Complaint, Defendant was the employer/sponsor of a group health plan within the meaning of 29 U.S.C. § 1167(1).

15. Defendant's termination of Plaintiffs' employment was a "qualifying event" within the meaning of 29 U.S.C. § 1163(2).

## IV. STATEMENT OF FACTS

**Discrimination and Retaliation Against Plaintiff Bennett on the Basis of Her Race, Color and National Origin**

16. Plaintiff Bennett repeats and realleges each and every allegation contained herein.

17. Plaintiff Bennett, a Black female, born in Jamaica, began working for Defendant on or about June 22, 1998, as a Certified Nursing Assistant.

18. At all times during her employment with Defendant, Plaintiff Bennett performed her job in a satisfactory manner.

19. On or about May 24, 2006, Plaintiff Bennett was terminated along with two (2) other Black, non-Caucasian co-workers; Plaintiffs McCalla and Villalon.

20. As shown by the facts in this case, the grounds for Plaintiff Bennett's termination were pretextual for the real reason; discrimination on the basis of race, color and national origin and in retaliation of her prior complaints of discrimination.

a. On or about May 23, 2006, Plaintiff Bennett was informed by Solomon Rutenberg ("Rutenberg"), Assistant Administrator, a co-worker had accused her of threatening them on or about April 23, 2006, and a police complaint had been filed with the New York City Police Department ("50th Precinct").

b. Plaintiff Bennett advised Rutenberg the staff member's allegations were false and in fact there was no police complaint. She demanded to know who her accuser was.

c. Plaintiff Bennett was not named in the police complaint which was filed with the 50th Precinct, nor is there a record of any other complaint filed against her.

d. Defendant did not perform a proper investigation with respect to the allegations brought against Plaintiff Bennett. A proper investigation would have determined the person alleged to have brought the complaint against Plaintiff Bennett was not employed on the date in question.

e. During her tenure with Defendant, Plaintiff Bennett often voiced her objections about Defendant's failure to comply with its own policies, as well as the manner in which the minority workers were being treated.

f. Plaintiff Bennett was also not afforded the rights guaranteed by the Union contract requiring she only be suspended during the pendency of an investigation into allegations of misconduct, rather than face immediate termination.

g. Plaintiff Bennett previously filed complaints against Defendant with the New York State Division of Human Rights alleging discriminatory treatment.

    h.    As a result of the foregoing, and in retaliation for her complaints about the discriminatory manner in which she and her co-workers were being treated, Plaintiff Bennett was very often harassed by Defendant in front of patients and their families.

21.    Based upon the foregoing actions, Plaintiff Bennett was unlawfully terminated based on her race, color, and national origin, and retaliated against based on her complaints of discrimination in violation of Title VII, § 1981, the NYSHRL and NYCHRL.

### Discrimination Against Plaintiff McCalla on the Basis of Her Age, Race, Color and National Origin

22.    Plaintiff McCalla repeats and reallges each and every allegation contained herein.

23.    Plaintiff McCalla, a fifty (50) year old Black female, born in Antigua on October 19, 1956, began working for Defendant on or about December 9, 2004, as a Certified Nursing Assistant.

24.    At all times during her employment with Defendant, Plaintiff McCalla's time, attendance, and work performance were satisfactory.

25.    On or about May 24, 2006, Plaintiff McCalla was terminated along with two (2) other Black, non-Caucasian co-workers; Plaintiffs Bennett and Villalon.

26.    As shown by the facts in this case, the grounds for Plaintiff McCalla's termination were pretextual for the real reason; discrimination on the basis of age, race, color and national origin.

    a.    On or about May 23, 2006, Plaintiff McCalla was informed by Rutenberg a co-worker had gone to the 50th Precinct and filed a complaint alleging she had threatened them with harm if they came to work during a Union Strike.

  b. Despite being told by the 50th Precinct no complaints had been filed against her, Plaintiff McCalla came to learn a complaint had been filed with the 50th Precinct on or about May 19, 2006, by a person named Janice LaMarche ("LaMarche"), alleging she was harassed on or about May 9, 2006.

  c. Defendant did not perform a proper investigation with respect to the allegations brought against Plaintiff McCalla. A proper investigation would have determined LaMarche was not employed on the date in question.

  d. Plaintiff McCalla was also not afforded the rights guaranteed by the Union contract requiring she only be suspended during the pendency of an investigation into allegations of misconduct, rather than face immediate termination.

  e. Upon information and belief, between August 2005 and September 2006, Defendant hired thirty-three (33) new employees. Approximately twenty-nine (29) have dates of birth ranging from February 1960 to June 1986.

27. Based upon the foregoing actions, Plaintiff McCalla was unlawfully terminated based on her age, race, color, and national origin in violation of Title VII, § 1981, the ADEA, the NYSHRL and NYSHRL.

**Discrimination and Retaliation Against Plaintiff Villalon on the Basis of His Race, Color and National Origin**

28. Plaintiff Villalon repeats and realleges each and every allegation contained herein.

29. Plaintiff Villalon, a Black and Hispanic male, born in Cuba, began working for Defendant on or about June 29, 1990, in the Housekeeping Department.

30. At all times during his employment, Plaintiff Villalon performed his job in a satisfactory manner.

31. On or about May 24, 2006, Plaintiff Villalon was terminated along with two (2) other Black, non-Caucasian co-workers; Plaintiffs Bennett and McCalla.

32. As shown by the facts in this case, the grounds for Plaintiff Villalon's termination were pretextual for the real reason; discrimination on the basis of race, color and national origin and in retaliation of his prior complaints of discrimination.

   a. On or about May 23, 2006, Plaintiff Villalon was summoned to Rutenberg's office and was informed he received a complaint from the 50th Precinct, alleging Plaintiff Villalon threatened a co-worker with harm if they came to work during a Union strike.

   b. Plaintiff Villalon requested to know the identity of his accuser. Rutenberg refused to divulge such information.

   c. Plaintiff Villalon went to the 50th Precinct and learned a complaint had been filed with the 50th Precinct on or about May 19, 2006.

   d. Plaintiff Villalon came to learn the complaint had been filed by a person named LaMarche, alleging she was harassed on or about May 9, 2006.

   e. Defendant did not perform a proper investigation with respect to the allegations brought against Plaintiff Villalon. A proper investigation would have determined LaMarche was not employed on the date in question.

   f. During his tenure with Defendant, Plaintiff Villalon spoke with his co-workers about Defendant's failure to comply with the Union contract, as well as the manner in which they were being treated.

      g.     Plaintiff Villalon was also not afforded the rights guaranteed by the Union contract requiring he only be suspended during the pendency of an investigation into allegations of misconduct, rather than face immediate termination.

      h.     In or about December 2005, Plaintiff Villalon inquired as to why there were no new Hispanic workers being hired in the Dietary Department. At the time of Plaintiff Villalon's termination, all new hires in his Department were Caucasian, from Eastern European.

      i.     Plaintiff Villalon previously filed a complaint against Defendant with the New York State Division of Human Rights alleging discriminatory treatment.

33. Based on the foregoing actions, Plaintiff Villalon was unlawfully terminated based on his race, color and national origin and retaliated against based on his prior complaints of discrimination in violation of Title VII, § 1981, the NYSHRL and NYCHRL.

**Failure to Notify Plaintiffs Bennett, McCalla and Villalon of their Right to Elect Continuation of Coverage**

34. Plaintiffs Bennett, McCalla and Villalon repeat and reallege each and every allegation contained herein.

35. On or about May 24, 2006, Plaintiffs Bennett, McCalla and Villalon were terminated.

36. Defendant's termination of the employment of Plaintiffs Bennett, McCalla and Villalon was a "qualifying event" within the meaning of 29 U.S.C. § 1163(2) and therefore Plaintiffs Bennett. McCalla and Villalon were eligible to elect continuation of their medical coverage under COBRA.

37. Defendant failed to provide Plaintiffs Bennett, McCalla and Villalon with timely notice of their rights to continuation of coverage as required by 29 U.S.C. § 1166.

38. As a result of Defendant's failure to notify Plaintiffs Bennett, McCalla and Villalon of their right to elect continuation of coverage under COBRA, Plaintiffs Bennett, McCalla and Villalon have incurred medical expenses.

## V. CLAIMS FOR RELIEF

### AS AND FOR THE FIRST, SECOND AND THIRD CAUSES OF ACTION
(Race, Color and National Origin Discrimination as to Plaintiff Bennett under § 1981, the NYSHRL and NYCHRL)

39. Plaintiff Bennett repeats and realleges each and every allegation contained herein.

40. Defendant violated § 1981, the NYSHRL and NYCHRL by terminating Plaintiff Bennett's employment on the basis of her race, color and national origin.

41. As a proximate result of Defendant's discrimination, Plaintiff Bennett has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other supplemental employment benefits.

42. As a further proximate result of Defendant's actions, Plaintiff Bennett has suffered and continues to suffer loss of reputation, emotional and mental distress, personal humiliation and anguish, and other compensatory damages.

43. The conduct of Defendant was done with malice and/or reckless indifference to Plaintiff Bennett's rights. Therefore, Plaintiff Bennett is entitled to equitable and injunctive relief, and an award of punitive damages and attorneys' fees pursuant to § 1981, and the NYCHRL.

## AS AND FOR THE FOURTH AND FIFTH CAUSES OF ACTION
(Race and Color Discrimination as to Plaintiffs McCalla and Villalon under Title VII, § 1981, the NYSHRL and NYCHRL)

44. Plaintiffs McCalla and Villalon repeat and reallege each and every allegation contained herein.

45. Defendant violated Title VII, § 1981, the NYSHRL and NYCHRL by terminating the employment of Plaintiffs McCalla and Villalon on the basis of their race and color.

46. As a proximate result of Defendant's discrimination, Plaintiffs McCalla and Villalon have suffered and continue to suffer substantial loss of past and future earnings, bonuses, and other supplemental employment benefits.

47. As a further proximate result of Defendant's actions, Plaintiffs McCalla and Villalon have suffered and continue to suffer loss of reputation, emotional and mental distress, personal humiliation and anguish, and other compensatory damages.

48. The conduct of Defendant was done with malice and/or reckless indifference to the rights of Plaintiffs McCalla and Villalon. Therefore, Plaintiffs McCalla and Villalon are entitled to equitable and injunctive relief, and an award of punitive damages and attorneys' fees pursuant to Title VII, § 1981, and the NYCHRL.

## AS AND FOR THE SIXTH CAUSE OF ACTION
(National Origin Discrimination as to Plaintiffs McCalla and Villalon under § 1981, the NYSHRL and NYCHRL)

49. Plaintiffs McCalla and Villalon repeat and reallege each and every allegation contained herein.

50. Defendant violated § 1981, the NYSHRL and NYCHRL by terminating the employment of Plaintiffs McCalla and Villalon on the basis of their national origin.

51. As a proximate result of Defendant's discrimination, Plaintiffs McCalla and Villalon

have suffered and continue to suffer substantial loss of past and future earnings, bonuses, and other supplemental employment benefits.

52. As a further proximate result of Defendant's actions, Plaintiffs McCalla and Villalon have suffered and continue to suffer loss of reputation, emotional and mental distress, personal humiliation and anguish, and other compensatory damages.

53. The conduct of Defendant was done with malice and/or reckless indifference to the rights of Plaintiffs McCalla and Villalon. Therefore, Plaintiffs McCalla and Villalon are entitled to equitable and injunctive relief, and an award of punitive damages and attorneys' fees pursuant to § 1981, and the NYCHRL.

## AS FOR THE SEVENTH CAUSE OF ACTION
**(Age Discrimination as to Plaintiff McCalla under the ADEA, NYSHRL and NYCHRL)**

54. Plaintiff McCalla repeats and realleges each and every allegation contained here.

55. Defendant violated the ADEA, NYSHRL and NYCHRL by terminating Plaintiff McCalla's employment on the basis of her age.

56. As a proximate result of Defendant's discrimination, Plaintiff McCalla has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other supplemental employment benefits.

57. As a further proximate result of Defendant's actions, Plaintiff McCalla has suffered and continues to suffer a loss of reputation, emotional and mental distress, personal humiliation and anguish, and other compensatory damages.

58. Defendant willfully violated Plaintiff McCalla's rights. Therefore, Plaintiff McCalla is entitled to equitable and injunctive relief, an award of liquidated damages pursuant to the

ADEA, punitive damages pursuant to the NYCHRL, and attorneys' fees pursuant to the ADEA and NYCHRL.

### AS FOR THE EIGHTH CAUSE OF ACTION
**(Retaliation as to Plaintiffs Bennett and Villalon under Title VII, § 1981, the NYSHRL and NYCHRL)**

59. Plaintiffs Bennett and Villalon repeat and reallege each and every allegation contained herein.

60. Plaintiffs Bennett and Villalon have been retaliated against by Defendant on the basis of their prior complaints of discrimination in violation of Title VII, § 1981, the NYSHRL and NYCHRL.

61. As a proximate result of Defendant's retaliation, Plaintiffs Bennett and Villalon have suffered and continue to suffer substantial loss of past and future earnings, bonuses, and other supplemental employment benefits.

62. As a further and proximate result of Defendant's actions, Plaintiffs Bennett and Villalon have suffered and continue to suffer a loss of reputation, emotional and mental distress, personal humiliation and anguish, and other compensatory damages.

63. The conduct of Defendant was done with malice and/or reckless indifference to the rights of Plaintiffs Bennett and Villalon. Therefore, Plaintiffs Bennett and Villalon are entitled to equitable and injunctive relief, and an award of punitive damages and attorneys' fees pursuant to Title VII, § 1981, and the NYCHRL.

### AS FOR THE NINTH CAUSE OF ACTION
**(Failure to Notify Plaintiffs Bennett, McCalla and Villalon of their Right to Elect Continuation of Coverage under COBRA)**

64. Plaintiffs Bennett, McCalla and Villalon repeat and reallege each and every allegation contained

herein.

65. By failing to provide Plaintiffs Bennett, McCalla and Villalon with timely notice of their right to elect continuation coverage as required by law, Defendant violated COBRA.

66. As a proximate result of Defendant's violation of COBRA, Plaintiffs Bennett, McCalla and Villalon have incurred damages for medical bills, in an amount to be determined at trial.

67. As a further proximate result of Defendant's violation of COBRA, Plaintiffs Bennett, McCalla and Villalon are entitled to the statutory penalty in the amount of $110.00 per day from May 25, 2006 to date, pursuant to 29 U.S.C. § 1132(c)(1).

## VI.   PLAINTIFFS' DEMAND FOR A JURY TRIAL

68. Plaintiffs repeat and reallege each and every allegation contained herein.

69. Plaintiffs hereby demand a trial by jury in this action.

## VII.   PRAYER FOR RELIEF

WHEREFORE, as a result of the unlawful discriminatory conduct and actions of the Defendant herein alleged, Plaintiffs Bennett, McCalla and Villalon demand judgment:

   a. Declaring Defendant violated the aforementioned statutes;

   b. Declaring Defendant's actions were done with malice and/or reckless indifference to the rights of Plaintiffs Bennett, McCalla and Villalon under Title VII and § 1981;

   c. Declaring Defendant willfully violated the ADEA;

   d. A permanent injunction enjoining Defendant, its agents, employees, officers and successors in interest and those acting in concert with Defendant, from engaging in the illegal and unlawful customs, policies and practices described herein;

e.  As and for the First, Second and Third Causes of Action: (a) actual damages for past and future earnings, bonuses, and other supplemental employment benefits; (b) compensatory damages, including but not limited to: loss of reputation; emotional and mental distress; and personal humiliation and anguish, in an amount to be determined at trial; (c) equitable and injunctive relief; and (d) punitive damages and attorneys' fees pursuant to § 1981 and the NYCHRL;

f.  As and for the Fourth and Fifth Causes of Action: (a) actual damages for past and future earnings, bonuses, and other supplemental employment benefits; (b) compensatory damages, including but not limited to: loss of reputation; emotional and mental distress; and personal humiliation and anguish, in an amount to be determined at trial; (c) equitable and injunctive relief; and (d) punitive damages and attorneys' fees pursuant to Title VII, § 1981 and the NYCHRL;

g.  As and for the Sixth Cause of Action: (a) actual damages for past and future earnings, bonuses, and other supplemental employment benefits; (b) compensatory damages, including but not limited to: loss of reputation; emotional and mental distress; and personal humiliation and anguish, in an amount to be determined at trial; (c) equitable and injunctive relief; and (d) punitive damages and attorneys' fees pursuant to § 1981 and the NYCHRL;

h.  As and for the Seventh Cause of Action: (a) actual damages for lost past and future earnings, bonuses, and other supplemental employment benefits; (b) compensatory damages, including but not limited to: loss of reputation; emotional and mental distress; and personal humiliation and anguish, in an amount to be determined at trial; and (c) equitable and injunctive relief; (d) liquidated damages

pursuant to the ADEA; and (e) attorneys' fees pursuant to the ADEA and NYCHRL;

i. As and For the Eighth Cause of Action: (a) actual damages for past and future earnings, bonuses, and other supplemental employment benefits; (b) compensatory damages, including but not limited to: loss of reputation; emotional and mental distress; and personal humiliation and anguish, in an amount to be determined at trial; (c) equitable and injunctive relief; and (d) punitive damages and attorneys' fees pursuant to Title VII, § 1981 and the NYCHRL;

j. As and For the Ninth Cause of Action: (a) actual damages incurred for medical bills; (b) the statutory penalty per day from May 25, 2006, to date, pursuant to 29 U.S.C. § 1132(c)(1); and (c) attorneys' fees;

k. Pre and post judgment interest;

l. Costs and disbursements incurred in this action, including expert fees; and

m. For such other and further relief as this Court may deem just and proper.

Dated: Farmingdale, New York
February 22, 2008

> FRANK & ASSOCIATES., P.C.
> Attorneys for Plaintiff
>
> By: _Pamela J. Eisner_
> Neil M. Frank, Esq. (NF-0521)
> Pamela J. Eisner (PE-5678)
> 500 Bi-County Blvd., Suite 112N
> Farmingdale, New York 11735
> (631) 756-0400