# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

JUNE BENNETT, JOCELYN MCCALLA
and JUAN VILLALON,

        Plaintiffs,

  -against-

KINGSBRIDGE HEIGHTS REHABILITATION
CARE CENTER,

        Defendant.

------------------------------------------------X

INDEX NO.: 07 CV 9456

**DEFENDANT'S ANSWER**

Kingsbridge Heights Rehabilitation Care Center (the "Center" or "Defendant"), located at 3400-26 Cannon Place, Bronx, New York, by and through it attorneys, McDermott Will & Emery LLP, answers the Complaint (the "Complaint") of plaintiffs June Bennett ("Plaintiff Bennett"), Jocelyn McCalla ("Plaintiff McCalla"), and Juan Villalon ("Plaintiff Villalon") (collectively referred to herein as the "Plaintiffs"), as follows:

I.

**PRELIMINARY STATEMENT**

1. Avers that the allegations contained in paragraph 1 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 1 contains factual allegations, Defendant denies the allegations contained in paragraph 1, except admits that Plaintiffs purport to bring claims under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, The Civil Rights Act of 1866, as amended, ("§ 1981"), 42 U.S.C. § 1981, *et. seq.*, The Age of Discrimination in Employment Act

of 1967, as amended ("ADEA"), 29 U.S.C. § 621 *et. seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. Law § 290 *et. seq.*, the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107 *et. seq.*, and other rules, regulations, statutes and ordinances.

## II.
## JURISDICTION AND VENUE

2. Avers that the allegations contained in paragraph 2 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 2 contains factual allegations, Defendant denies the allegations contained in paragraph 2 of the Complaint, except admits that Plaintiffs allege that jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3. Avers that the allegations contained in paragraph 3 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 3 contains factual allegations, Defendant denies the allegations contained in paragraph 3 of the Complaint, except admits that Plaintiffs allege that jurisdiction concerning all state law claims is proper pursuant to 28 U.S.C. § 1367.

4. Avers that the allegations contained in paragraph 4 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 4 contains factual allegations, Defendant denies the allegations contained in paragraph 4 of the Complaint, except admits that Plaintiffs allege that venue is proper pursuant to 28 U.S.C. § 1391.

5. Avers that the allegations contained in paragraph 5 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent

paragraph 5 contains factual allegations, Defendant denies the allegations contained in paragraph 5 of the Complaint, except admits that Plaintiffs allege that this Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Avers that paragraph 6 of the Complaint contains Plaintiffs' description of the action, to which no response is required.

Case 1:07-cv-09456-LAK   Document 3   Filed 12/14/2007   Page 3 of 13

### III.

### PARTIES

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations related to the location of Plaintiff Bennett's place of citizenship or residence.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations related to the location of Plaintiff McCalla's place of citizenship or residence.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations related to the location of Plaintiff Villalon's place of citizenship or residence.

10. Admits each and every allegation contained in paragraph 10 of the Complaint.

11. Admits each and every allegation contained in paragraph 11 of the Complaint.

12. Admits each and every allegation contained in paragraph 12.

13. Admits each and every allegation contained in paragraph 13 of the Complaint.

IV.

## STATEMENT OF FACTS

**Discrimination and Retaliation Against Plaintiff Bennett
On the Basis of Her Race, Color and National Origin**

14. Incorporates the responses made to paragraphs 1-13 of the Complaint as if fully set forth herein.          Case 1:07-cv-09456-LAK   Document 3   Filed 12/14/2007   Page 4 of 13

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff Bennett's national origin, and admits on or about June 22, 1998, Defendant hired Plaintiff Bennett as a Certified Nursing Assistant.

16. Denies each and every allegation contained in paragraph 16.

17. Denies each and every allegation contained in paragraph 17 of the Complaint except, admits that on or about May 24, 2006, Defendant terminated Plaintiff Bennett.

18. Denies each and every allegation set forth in paragraph 18.

    (a) Admits each and every allegation set forth in paragraph 18(a).

    (b) Admits each and every allegation set forth in paragraph 18(b).

    (c) Denies each and every allegation set forth in paragraph 18(c) of the Complaint and avers that the police report speaks for itself.

    (d) Denies each and every allegation set forth in paragraph 18(d) of the Complaint.

    (e) Denies each and every allegation set forth in paragraph 18(e) of the Complaint.

(f) Denies each and every allegation set forth in paragraph 18(f) of the Complaint.

(g) Admits each and every allegation set forth in paragraph 18(g) of the Complaint.

19. Avers that the allegations contained in paragraph 19 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 19 contains factual allegations, Defendant denies each and every allegation contained in paragraph 19.

### Discrimination and Retaliation Against Plaintiff McCalla
### On the Basis of Her Age, Race, Color and National Origin

20. Incorporates the responses made to paragraphs 1-19 of the Complaint as if fully set forth herein.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff McCalla's national origin, age and date of birth, and avers that on or about December 9, 2004, Defendant hired Plaintiff McCalla as a Certified Nursing Assistant.

22. Denies each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint except, admits that on or about May 24, 2006, Defendant terminated Plaintiff McCalla.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

(a) Admits each and every allegation contained in paragraph 24(a) of the Complaint.

(b) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(b) of the Complaint.

(c) Denies each and every allegation contained in paragraph 24(c) of the Complaint.

(d) Denies each and every allegation contained in paragraph 24(d) of the Complaint.

(e) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24(e) of the Complaint.

25. Avers that the allegations contained in paragraph 25 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 25 contains factual allegations, Defendant denies the allegations contained in paragraph 25.

### Discrimination and Retaliation Against Plaintiff Villalon
### On the Basis of His Race, Color and National Origin

26. Incorporates the responses made to paragraphs 1-25 of the Complaint as if fully set forth herein.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff Villalon's national origin, and avers that on or about June 29, 1990, Defendant hired Plaintiff Villalon as a Dietary Worker.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 except, admitted that on or about May 24, 2006, Defendant terminated Plaintiff Villalon.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

(a) Admits each and every allegation set forth in paragraph 30(a).

(b) Admits each and every allegation contained in paragraph 30(b) of the Complaint.

(c) Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30(c) of the Complaint.

(d) Denies each and every allegation contained in paragraph 30(d) of the Complaint.

(e) Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30(e) of the Complaint.

(f) Denies each and every allegation contained in paragraph 30(f) of the Complaint.

(g) Denies each and every allegation contained in paragraph 30(g) of the Complaint.

(h) Admits each and every allegation contained in paragraph 30(h) of the Complaint.

31. Avers that the allegations contained in paragraph 31 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 31 contains factual allegations, Defendant denies the allegations contained in paragraph 31 of the Complaint.

V.

**CLAIMS FOR RELIEF**
**AS AND FOR THE FIRST, SECOND AND THIRD CAUSES OF ACTION**
(Race, Color and National Origin Discrimination as to
Plaintiff Bennett under § 1981, the NYSHRL and NYCHRL)

32. Incorporates the responses made to paragraphs 1-31 of the Complaint as if fully set forth herein.

33. Avers that the allegations contained in paragraph 33 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 33 contains factual allegations, Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

36. Avers that the allegations contained in paragraph 36 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 36 contains factual allegations, Defendant denies the allegations contained in paragraph 36 of the Complaint.

**AS AND FOR THE FOURTH AND FIFTH CAUSES OF ACTION**
(Race, Color Discrimination as to Plaintiffs McCalla and
Villalon under Title VII, § 1981, the NYSHRL and NYCHRL)

37. Incorporates the responses made to paragraphs 1-36 of the Complaint as if fully set forth herein.

38. Avers that the allegations contained in paragraph 38 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent

paragraph 38 contains factual allegations, Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

41. Avers that the allegations contained in paragraph 41 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 41 contains factual allegations, Defendant denies the allegations contained in paragraph 41 of the Complaint.

### AS AND FOR THE SIXTH CAUSE OF ACTION
(National Origin Discrimination as to Plaintiffs McCalla
and Villalon under § 1981, the NYSHRL and NYCHRL)

42. Incorporates the responses made to paragraphs 1-41 of the Complaint as if fully set forth herein.

43. Avers that the allegations contained in paragraph 43 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 43 contains factual allegations, Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

45. Denies each and every allegation contained in paragraph 45 of the Complaint.

46. Avers that the allegations contained in paragraph 46 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 46 contains factual allegations, Defendant denies the allegations contained in paragraph 46 of the Complaint.

### AS AND FOR THE SEVENTH CAUSE OF ACTION
(Age Discrimination as to Plaintiff McCalla
under the ADEA, NYSHRL and NYCHRL)

47. Incorporates the responses made to paragraphs 1-46 of the Complaint as if fully set forth herein.

48. Avers that the allegations contained in paragraph 48 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 48 contains factual allegations, Defendant denies the allegations contained in paragraph 48 of the Complaint.

Case 1:07-cv-09456-LAK    Document 3    Filed 12/14/2007    Page 10 of 13

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Complaint.

51. Avers that the allegations contained in paragraph 51 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 51 contains factual allegations, Defendant denies the allegations contained in paragraph 51 of the Complaint.

### AS AND FOR THE EIGHTH CAUSE OF ACTION
(Retaliation as to Plaintiffs Bennett and Villalon
under Title VII, § 1981, the NYSHRL and NYCHRL)

52. Incorporates the responses made to paragraphs 1-51 of the Complaint as if fully set forth herein.

53. Avers that the allegations contained in paragraph 53 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 53 contains factual allegations, Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Denies each and every allegation contained in paragraph 54 of the Complaint.

55. Denies each and every allegation contained in paragraph 55 of the Complaint.

56. Avers that the allegations contained in paragraph 56 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 56 contains factual allegations, Defendant denies the allegations contained in paragraph 56 of the Complaint.

## VI.

### PLAINTIFFS' DEMAND FOR A JURY TRIAL

57. Incorporates the responses made to paragraphs 1-56 of the Complaint as if fully set forth herein.

58. Admits that Plaintiffs demand a trial by jury in this action.

## VII.

### PRAYER FOR RELIEF

Denies each and every allegation contained in the Wherefore clause of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are barred, in part or in whole, by the equitable doctrine of

waiver.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' claims are barred, in part or in whole, by the equitable doctrine of estoppel.

Case 1:07-cv-09456-LAK   Document 3   Filed 12/14/2007   Page 12 of 13

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs have failed to mitigate their damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

6. To the extent Plaintiffs have suffered any emotional distress, it was caused by events or conduct unrelated to the conduct alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs' alleged damages are barred to the extent they exceed the relief available under any statute made the basis of this lawsuit.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs' claims are barred, in part or in whole, by the equitable doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiffs' claims are barred to the extent Plaintiff failed to satisfy the required administrative prerequisites to filing this action.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs' claims for punitive damages are barred, in part or in whole, because any conduct or statements that were made were made in good faith, honestly and without malice.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs' federal claims are barred to the extent that they relate to allegations not asserted in the Charge filed with the EEOC.

Case 1:07-cv-09456-LAK   Document 3   Filed 12/14/2007   Page 13 of 13

WHEREFORE, Defendant Kingsbridge Heights Rehabilitation Care Center seeks judgment against Plaintiffs:

(a) Dismissing the entire Complaint against it with prejudice;

(b) Awarding Defendant its costs and disbursements associated with this action, including reasonable attorneys' fees; and

(c) Awarding Defendant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 14, 2007

                                           Respectfully submitted,

                                           McDERMOTT WILL & EMERY LLP

                                           By: _____
                                                  Joel E. Cohen (JEC 5312)
                                                  Nadine M. Gomes Williams (NW 3319)

                                           340 Madison Avenue
                                           New York, New York 10017
                                           (212) 547-5400

                                           *Attorneys for Defendant*
                                           *Kingsbridge Heights Rehabilitation Care Center*

NYK 1137053-1.057806.0011