UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JUNE BENNETT, JOCELYN MCCALLA and
JUAN VILLALON,
　　　　　　　　　　　　　　　　　　　　　　　　　Case No.: 07-cv-9456
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(LAK)(DFE)
　　　　　　　Plaintiffs,

　　　　　-against-

KINGSBRIDGE HEIGHTS REHABILITATION
CARE CENTER,

　　　　　　　Defendant.
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

FRANK & ASSOCIATES, P.C.
NEIL M. FRANK, ESQ.
PAMELA J. EISNER, ESQ.
*Attorneys for Plaintiff*
500 Bi-County Boulevard
Suite 112N
Farmingdale, New York 11735
(631) 756-0400

## INTRODUCTION

Pursuant to Rule 15 of the Federal Rules of Civil Procedure ("F.R.C.P."), Plaintiffs June Bennett ("Plaintiff Bennett"), Jocelyn McCalla ("Plaintiff McCalla"), and Juan Villalon ("Plaintiff Villalon") (collectively "Plaintiffs") respectfully request leave to amend the Complaint in order to: (a) clarify their claims that **KINGSBRIDGE HEIGHTS REHABILITATION CARE CENTER** ("Defendant") discriminated against them on the basis of their race, color, national origin and age[1], by engaging in a course of conduct which subjected them to harassing behavior because of their race, color, national origin and age, and in retaliation for their complaints of discrimination[2], in violation of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §2000e *et. seq.*, the Civil Rights Act of 1866, as amended ("§ 1981"), 42 U.S.C. § 1981, *et. seq.*, the Age Discrimination in Employment Act of 1967, as amended, ("ADEA"), 29 U.S.C. § 621, *et. seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. Law § 296, *et. seq.*, and the New York City Administrative Code ("NYCHRL"), N.Y.C. Admin. Code § 8-107, *et. seq.*; and (b) add a cause of action for Defendant's Failure to Notify Plaintiffs of their Right to Elect Continuation of Coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et. seq.*

Plaintiffs therefore respectfully submit this Memorandum of Law in support of their Motion for Leave to Amend the Complaint.

---

[1] Only Plaintiff McCalla has asserted a claim for age discrimination under the ADEA, NYSHRL and NYCHRL.

[2] Only Plaintiffs Bennett and Villalon have asserted claims for retaliation under Title VII, § 1981, the NYSHRL and NYCHRL.

## PROCEDURAL HISTORY

Plaintiffs commenced this action on or about October 23, 2007, by filing a Summons and Complaint in the United States District Court, Southern District of New York, based upon Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §2000e *et. seq.*, the Civil Rights Act of 1866, as amended ("§ 1981"), 42 U.S.C. § 1981, *et. seq.*, the Age Discrimination in Employment Act of 1967, as amended, ("ADEA"), 29 U.S.C. § 621, *et. seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. Law § 296, *et. seq.*, and the New York City Administrative Code ("NYCHRL"), N.Y.C. Admin. Code § 8-107, *et. seq.*, and other appropriate rules, regulations, statutes and ordinances. See Exhibit B.

Defendant filed an Answer with the Southern District of New York Clerk's office on or about December 14, 2007. See Exhibit C.

## STATEMENT OF FACTS

The material facts are set forth in the Affirmation of Pamela J. Eisner, Esq. and will not be repeated here.

## ARGUMENT

### I.  PLAINTIFFS RESPECTFULLY REQUEST LEAVE TO AMEND PURSUANT TO F.R.C.P. 15(A)

Amendments to pleadings are governed by F.R.C.P. 15(a) which provides that after a responsive pleading has been filed "a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and *leave shall be freely given when justice so requires.*" Fed.R.Civ.P. 15(a) (emphasis added). "If the underlying facts or circumstances relied upon by a Plaintiff may be a proper subject of

relief, he ought to be afforded an opportunity to test his claims on the merits." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given." Id.; see The European Community v. RJR Nabisco, Inc., 150 F.Supp.2d 456, 502 (E.D.N.Y. 2001) (leave to amend should be freely given unless there is undue delay, bad faith or futility to the amendment); see also Saxholm AS v. Dynal, Inc. 938 F.Supp. 120, 123 (E.D.N.Y. 1996) ["[F.R.C.P. 15a] states that leave to amend should be granted freely and amendment is typically permitted") (citations omitted)]. The party opposing the motion to amend has the burden of establishing that granting such leave would be unduly prejudicial. The European Community, *supra* at 502-3.

In the instant case and as described in more detail below, Plaintiff submits Defendant can furnish no set of facts to meet its heavy burden of establishing the amendments proposed by Plaintiffs would be unduly prejudicial.

### A. CLARIFICATION OF FACTUAL ALLEGATIONS

Plaintiffs seek to amend the Complaint to include more specific factual allegations in order to clarify the factual basis of their causes of action and put their pleadings in such shape as will enable them to raise and have determined at the trial every question affecting their interest in the subject matter of the litigation. See Aff. in Support of Motion for Leave to Amend the Complaint ¶ 5; see also Zoll v. Ruder Finn, Inc., 2003

WL 22283830 (S.D.N.Y. 2003) [recognizing that amending complaints for clarification meets the criteria as set forth in Rule 15(a)].

Specifically, during Plaintiff Bennett's employment, Defendant retaliated against her after she complained about the discriminatory manner in which she and her co-workers were being treated. See Aff. in Support of Motion for Leave to Amend the Complaint ¶ 5; Proposed Amended Complaint ¶ 20(h). Such retaliation included, but was not limited to harassment by Defendant in front of patients and their families. Id.

The factual information which Plaintiffs seek to add to the Complaint serves to clarify their position they were discriminated against on the basis of their race, color, national origin and age, and Plaintiffs Bennett and Villalon were retaliated against for their complaints of discrimination. Defendant violated Title VII, § 1981, the ADEA, NYSHRL and NYCHRL when it discharged Plaintiffs.

### B. **PLAINTIFFS SHOULD BE GRANTED LEAVE TO ASSERT A CAUSE OF ACTION FOR DEFENDANT'S FAILURE TO NOTIFY PLAINTIFFS OF THEIR RIGHTS TO ELECT CONTINUATION OF COVERAGE**

Plaintiffs' also seek leave to amend the Complaint in order to add a cause of action for Defendant's violation of COBRA. As alleged in the Proposed Amended Complaint, upon termination of Plaintiffs' employment, Defendant failed to timely notify Plaintiffs of their rights to elect continuation of coverage as required by law. Proposed Amended Complaint ¶¶ 37, 65. By failing to do so, Defendant violated COBRA and Plaintiffs are entitled to recover damages as a result of Defendant's violation.

### C. PLAINTIFFS' REQUEST TO AMEND IS MADE WITHOUT UNDUE DELAY AND WITH GOOD CAUSE. FURTHERMORE, DEFENDANT IS NOT PREJUDICED BY THE PROPOSED AMENDMENTS, NOR ARE THE PROPOSED AMENDMENTS FUTILE

There has been no undue delay in seeking leave to amend the Complaint, nor would Defendant be prejudiced by the amendments. Additionally, the proposed amendments are not futile.

Plaintiffs filed this action on or about October 23, 2007, and raised the issue of amending the complaint at the Initial Conference. Discovery had not yet commenced at the time of the Initial Conference, during which time Plaintiffs' counsel was given until February 15, 2008, to amend the pleadings by motion for leave to amend. That time was subsequently extended until February 25, 2008.

Additionally, Plaintiffs' cited Title VII, § 1981, the ADEA, NYSHRL and NYCHRL in their Original Complaint. Defendant was put on notice of the specific conditions underlying Plaintiffs' allegations by that Complaint. See generally Barbara Kraus v. Robert Brandsetter, 185 A.D.2d 302, 536 N.Y.S.2d 269 (2d Dep't 1992). None of the information Plaintiffs now seek to add, changes their claims in any way so as to hinder Defendant's ability to properly defend this action, and as such Defendant suffers no prejudice by this Court's grant of the instant motion.

Furthermore, there has been no bad faith on the part of Plaintiffs in seeking the proposed amendments, nor are the amendments futile. In addition to the factual allegations Plaintiffs seek to add, Plaintiffs seek to add a cause of action for Defendant's failure, at the time of their termination, to notify Plaintiffs' of their rights to elect continuance of coverage under COBRA. If the proposed claim sets forth facts and circumstances which may entitle the Plaintiff to relief, then futility is not a proper basis

on which to deny the amendment. Saxholm, *supra* at 124 *citing* Allstate Inc. v. Administratia Asiqurarilor De Stat, 875 F.Supp. 1022, 1029 (S.D.N.Y. 1995); Mathon v. Marine Midland Bank, N.A., 875 F.Supp. 986, 1003 (E.D.N.Y. 1995) (granting leave to replead where the court could not say that under no circumstances would the proposed claims provide a basis for relief).

Finally, Plaintiffs were terminated on or about May 24, 2006, and are well within the applicable statute of limitations for claims brought pursuant to COBRA. Granting Plaintiffs motion for leave to amend would avoid a multiplicity of lawsuits, a valid consideration when entertaining a motion to amend a pleading. See Saxhol, *supra* at 124 ("[S]ince [Plaintiff] has indicated its intention to initiate a second action if leave to amend be denied, and since such action would involve most of the exact same facts, circumstances and questions of law as this action, denying leave to amend would simply multiply proceedings in this court with no apparent benefit to the parties"). Since Plaintiffs are within the applicable statute of limitations period for claims brought pursuant to COBRA, Plaintiffs can, and intends to file, a separate action, in this Court, asserting their COBRA claim should this Court decline to grant the instant motion.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' respectfully requests the Court grant the instant Motion for Leave to Amend the Complaint in all respects.

Dated: Farmingdale, New York
      February 25, 2008

                                      FRANK & ASSOCIATES, P.C.
                                      Attorneys for Plaintiff

                                      */s/ Pamela J. Eisner*
                                      Neil M. Frank, Esq. (NF-0521)
                                      Pamela J. Eisner, Esq. (PE-5678)
                                      500 Bi-County Boulevard, 112N
                                      Farmingdale, New York 11735
                                      631-756-0400