MWE OFFICE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
JUNE BENNETT, JOCELYN MCCALLA
and JUAN VILLALON,                                           :

                          Plaintiffs,                        : Index No. 07 CV 9456

        -against-                                            :

KINGSBRIDGE HEIGHTS REHABILITATION                           :
CARE CENTER,                                                 :

                          Defendant.                         :

------------------------------------------------------------ x

RECEIVED
MAR 1 3 2008
U.S.D.C. S.D N.Y.
CASHIER

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

McDERMOTT WILL & EMERY LLP
Joel E. Cohen, Esq.
Nadine M. Gomes Williams, Esq.
340 Madison Avenue
New York, New York 10173
(212) 547-5400

*Attorneys for Defendant*
Kingsbridge Heights Rehab. Care Center

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS ........................................................................................... 2

I.      BACKGROUND ............................................................................................... 2

II.     NLRB PROCEEDINGS .................................................................................. 2

III.    PROCEEDINGS BEFORE THE STATE DIVISION OF HUMAN RIGHTS ................. 3

IV.     STATE COURT PROCEEDINGS .................................................................. 4

V.      FEDERAL COURT PROCEEDINGS .......................................................... 5

ARGUMENT ................................................................................................................ 6

      PLAINTIFFS' MOTION IS BASED ON UNDUE DELAY, BAD FAITH AND
      DILATORY MOTIVE TO PREJUDICE DEFENDANT ............................................. 6

      A.      Plaintiffs' Undue Delay is Evident ......................................................... 7

      B.      Plaintiffs Cannot Demonstrate That They Inadvertently Failed to Include
            the COBRA Claim by Oversight or Excusable Neglect ......................... 8

      C.      Plaintiffs' Bad Faith and Dilatory Motive Cannot be Ignored ............. 10

      D.      Granting the Motion Will Undoubtedly Prejudice Defendant ............... 10

CONCLUSION ............................................................................................................ 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*, 148 F. Supp. 2d 321 (S.D.N.Y. 2001) ......................................................................................6, 7, 8, 10, 11

*Bridgeport Music, Inc. et al. v. Dimension Films et al.*, 410 F.3d 792 (6th Cir. 2005) ...............................................................................................................11

*Chudnovsky v. Prudential Sec., Inc.*, 98 Civ. 7753 (SAS), 2000 WL 1576876, 2000 U.S. Dist. LEXIS 15401 (S.D.N.Y Oct. 19, 2000) .................................5

*Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 (2d Cir. 1990) ......................................8, 9

*In re: Enron Corp.*, 367 B.R. 373 (Bankr. S.D.N.Y. 2007)...........................................10

*Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962) .........................................................6

*Hall v. United Techs.*, 872 F. Supp. 1094 (D. Conn. 1995)....................................7, 8, 9, 10

*Sanders v. Thrall Car Manufacturing Co.*, 582 F. Supp. 945 (S.D.N.Y. 1983)..........7, 8, 9

*In re: Teligent, Inc.*, 346 B.R. 73 (Bankr. S.D.N.Y. 2006)................................7, 9, 10, 11

*Wiley v. Citibank, N.A.*, No. 98 Civ. 1139, 2000 WL 122148, 2000 U.S. Dist. LEXIS 799 (S.D.N.Y. Feb 1, 2000).................................................................5

*Zahra v. Town of Southold et al.*, 48 F.3d 674 (2d Cir. 1995)...........................................7

## DOCKETED CASES

*Joycelyn McCalla v. Kingsbridge Heights Nursing Home*, SDHR Case No.: 10112373...............................................................................................................3

*Juan Villalon v. Kingsbridge Heights Rehabilitation Care Center*, SDHR Case No.: 10112529...........................................................................................................3

*June Bennett v. Kingsbridge Heights Rehabilitation Care Center*, SDHR Case No.: 10112370...........................................................................................................3

*Villalon et al. v. Kingsbridge Heights Rehabilitation Ctr. et al.*, Index No. 15806/07 (Bronx Cty. 2007) .................................................................................4

## PRELIMINARY STATEMENT

On October 23, 2007, plaintiffs June Bennett ("Ms. Bennett"), Jocelyn McCalla ("Ms. McCalla") and Juan Villalon ("Mr. Villalon")(collectively, the "Plaintiffs") filed their complaint of discrimination and retaliation in this action (the "Complaint").    On February 25, 2008, Plaintiffs moved for leave to amend the Complaint (the "Motion").    Defendant Kingsbridge Heights Rehabilitation Care Center ("Defendant" or the "Center"), by and through its attorneys, McDermott Will & Emery LLP, submits this Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend the Complaint, and the accompanying Affidavit of attorney Joel. E. Cohen sworn to on March 12, 2008 ("Cohen Aff."), in opposition to Plaintiffs' motion.[1]

Put simply, Plaintiffs' Motion must be denied because Plaintiffs have not learned of any new facts that were previously unavailable to them, and Plaintiffs have had multiple attempts to adjudicate the claims they now seek to add to the Complaint.    More specifically, Plaintiffs have asserted substantially similar claims against Defendant based on events that took place in May 2006, in *four different administrative and judicial forums* and in doing so, they have exhausted the resources of each forum.    Given the number of times during the past twenty-two months that Plaintiffs have stated and restated the facts of this matter and their allegations, there is no justification for the need to seek leave to amend the Complaint at this stage of the proceedings. Further, Plaintiffs' efforts to amend the Complaint at this late hour is just another example of the harassing litigation strategy Plaintiffs have pursued against the Center since they were terminated in May 2006.    As this Court has discretion to deny the Motion based on evidence of undue delay, bad faith and dilatory motive presented herein, the Motion must be denied.

---

[1] All citations to the Affidavit of Joel E. Cohen will be referred to herein as "Cohen Aff ¶[#]."    All exhibits referenced herein are attached to Mr. Cohen's affidavit.

<u>STATEMENT OF FACTS</u>

## I.    <u>BACKGROUND</u>

The Center is a privately-owned entity and is engaged in the operation of a nursing home providing residential nursing care to patients. (Cohen Aff. ¶3). Defendant previously employed Plaintiffs in its operation and ultimately terminated each of them on May 24, 2006 in connection with intimidating threats they made against non-Union employees prior to a Union strike. (Cohen Aff. ¶4). Specifically, a number of non-Union employees reported to the Center's management that certain employees who were major Union supporters told them that they would be beaten up, burnt and have acid thrown in their faces if they worked during the planned strike, and specifically identified Ms. Bennett and Ms. McCalla, both Union delegates, as well as Mr. Villalon, as the threatening employees. (Cohen Aff. ¶5). Accordingly, following the Center's investigation of the non-Union employees' allegations, Defendant terminated Plaintiffs' employment. (Cohen Aff. ¶6).

## II.    <u>NLRB PROCEEDINGS</u>

Thereafter, on June 2, 2006, Local 1199/SEIU, the Union representing Plaintiffs, filed an unfair labor practice charge with the National Labor Relations Board (the "NLRB"), asserting that the Center unlawfully terminated Plaintiffs' employment based on their purported protected Union activity. (Cohen Aff. ¶7). The NLRB investigated the Union's allegations and interviewed the Center's witnesses, including confidential interviews with the non-Union employees who identified Ms. Bennett, Ms. McCalla and Mr. Villalon as the individuals who threatened them. (Cohen Aff. ¶8). On November 30, 2006, the NLRB Regional Director dismissed the Union's charge against the Center finding that the Center did not engage in unlawful conduct. (Cohen Aff. ¶9). On January 19, 2007, the NLRB General Counsel affirmed the dismissal of the charge, stating that "a review of the evidence failed to establish that the

Employer discharged [them] because of their union activities, rather than for the legitimate business reasons advanced by [the Center]." (Cohen Aff. ¶10; see Exhibit ("Ex.") A).

## III.    PROCEEDINGS BEFORE THE STATE DIVISION OF HUMAN RIGHTS

After losing before the NLRB, Ms. Bennett and Ms. McCalla initiated actions with the New York State Division of Human Rights (the "SDHR" or "Division") in June 2006.[2] (Cohen Aff. ¶11; see Ex. B). Shortly thereafter, on July 3, 2006, Mr. Villalon followed suit by initiating an action with the Division (all of the actions before the Division are collectively referred to herein as the "SDHR Actions").[3] (Cohen Aff. ¶12; see Ex. B).    Significantly, the SDHR Actions were based on the same underlying facts as the NLRB charges (i.e., Plaintiffs' former employment with and termination from the Center); however, in the SDHR Actions, Plaintiffs claimed the Center discriminated against them *based on their race, color and/or age classifications* pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"). (Cohen Aff. ¶13).

In July 2007, Defendant submitted its Verified Answer to the allegations set forth by Plaintiffs, denying the allegations and restating the non-discriminatory grounds for Plaintiffs' terminations. (Cohen Aff. ¶14). By August 2007, the parties were prepared to begin trial, as they had already submitted their Preliminary Conference Submissions to the SDHR, which essentially set forth summaries of their respective claims and defenses, as well as proposed witnesses for the pending hearing. (Cohen Aff. ¶15). The Division scheduled a preliminary conference concerning the SDHR Actions to take place on August 10, 2007, as well as a hearing

---

[2] The actions were June Bennett v. Kingsbridge Heights Rehabilitation Care Center, SDHR Case No.: 10112370 and Joycelyn McCalla v. Kingsbridge Heights Nursing Home, SDHR Case No.: 10112373, respectively. (Cohen Aff. ¶11; see Ex. B).
[3] Mr. Villalon's action was Juan Villalon v. Kingsbridge Heights Rehabilitation Care Center, SDHR Case No.: 10112529. (Cohen Aff. ¶12; see Ex. B).

to begin on September 10, 2007. (Cohen Aff. ¶16). At the Preliminary Conference -- one month before the parties were scheduled to go to trial at the SDHR -- the parties appeared before Administrative Law Judge Lilliana Estrella-Castillo ("Judge Castillo"), at which conference Plaintiffs informed Judge Castillo and Defendants that they had received their requested right to sue letters from the Equal Employment Opportunity Commission[4] (the "EEOC"). (Cohen Aff. ¶17). Accordingly, Plaintiffs requested a voluntary Administrative Dismissal of their SDHR Actions so that they could file a complaint in federal court.[5] (Id.; see Ex. C). Despite Defendant's motion to deny Plaintiffs' request for dismissal, on August 15, 2007, the Division issued Plaintiffs their Administrative Dismissal letters. (Cohen Aff. ¶19; see Ex. D).

## IV.    STATE COURT PROCEEDINGS

On May 31, 2007, *more than a year after their terminations* and while their cases were scheduled for trial before the Division, Plaintiffs simultaneously filed a Complaint in the Supreme Court of the State of New York, Bronx County (the "State Action").[6] (Cohen Aff. ¶20). In the State Action, Plaintiffs again asserted their NYSHRL discrimination claims, as well as additional claims under the New York City Administrative Code and the Equal Protection clause of the New York State Constitution in connection with their employment and discharge from the Center. (Cohen Aff. ¶21; see Ex. E). On July 16, 2007, Defendant moved to dismiss the State Action on the grounds that (i) Plaintiffs' NYSHRL and NYC Administrative Code claims were

---

[4] Significantly, Plaintiffs could have requested their right-to-sue letters from the EEOC at any time after January 2007 – *i.e.*, approximately 180 days after the Division dually-filed Plaintiffs' charges with the EEOC. Instead, demonstrating their bad faith, Plaintiffs purposefully waited nearly *six months* (*i.e.*, weeks before the hearing) to request their right-to-sue letters from the EEOC. (Cohen Aff. ¶17).

[5] During this conference, Judge Castillo specifically asked Plaintiffs to describe the circumstances of their terminations and the alleged discriminatory conduct. Notably, Plaintiffs could not articulate specific conduct substantiating why they perceived their terminations to be discriminatory, despite Judge Castillo's repeated requests for such a description. (Cohen Aff. ¶18).

[6] The State Action was Villalon *et al.* v. Kingsbridge Heights Rehab. Ctr. *et al.*, Index No. 15806/07 (Bronx Cty. 2007).

barred pursuant to the Election of Remedies Doctrine contained in that statute and (ii) the Equal Protection clause claims failed because the Center was not a state actor subject to the clause.[7] (Cohen Aff. ¶22).   On November 8, 2007, the Supreme Court of the State of New York dismissed Plaintiffs' State Action pending the Division's decision concerning Plaintiffs' request for an administrative dismissal.  (Cohen Aff. ¶23).   After the Division granted Plaintiffs' request for a dismissal, Plaintiffs proceeded to their *fourth forum* -- federal court.  (Cohen Aff. ¶24).

## V.    FEDERAL COURT PROCEEDINGS

On October 23, 2007, Plaintiffs filed the instant Complaint in federal court, again alleging discrimination claims under *inter alia* Title VII, NYSHRL and the NYC Administrative Code based on their various protected categories of race, color and/or age in connection with their employment with and terminations from the Center.  (Cohen Aff. ¶25).   On January 11, 2008, the Honorable Lewis A. Kaplan issued a Scheduling Order stating that February 15, 2008 was the last day for the parties to amend the pleadings as of right, and that discovery would close on May 15, 2008.  (Cohen Aff. ¶26).   Notwithstanding this Court's Order,  Plaintiffs sought an extension of time to seek leave to amend the Complaint to add additional allegations of discriminatory conduct and novel violations of the Consolidated Omnibus Budget Reconciliation Act ("COBRA").  (Cohen Aff. ¶27).   The Court granted Plaintiffs' request, and Plaintiffs filed the instant Motion on February 25, 2008.  (Cohen Aff. ¶28).

Based on Plaintiffs' history of blatant forum shopping and procedural manipulation, there is no doubt that the instant Motion is merely another dilatory tactic to harass and prejudice

---

[7] It is well-settled that parties asserting claims pursuant to the NYSHRL §297(9) and/or Administrative Code N.Y.C. Admin. Code §8-502(a), are required to either proceed judicially or administratively, not both.  See, e.g., Chudnovsky v. Prudential Sec., Inc., 98 Civ. 7753 (SAS), 2000 WL 1576876, at *5, 2000 U.S. Dist. LEXIS 15401, at *12-13 (S.D.N.Y Oct. 19, 2000); Wiley v. Citibank, N.A., No. 98 Civ. 1139, 2000 WL 122148, at *3, 2000 U.S. Dist. LEXIS 799, at *7 (S.D.N.Y. Feb 1, 2000)(citations omitted).   Thus, Plaintiffs improperly simultaneously filed similar claims in both forums.  (For reference, copies of these cases are attached to the Cohen Affidavit as Exs. E and F, respectively).

Defendant by purporting to amend facts and claims that Plaintiffs are fully familiar with, have known all along and have researched, investigated, briefed and previously filed in *four different forums* over nearly two years. Accordingly, the Motion must be denied.

## ARGUMENT

### PLAINTIFFS' MOTION IS BASED ON UNDUE DELAY, BAD FAITH AND DILATORY MOTIVE TO PREJUDICE DEFENDANT.

It is well-settled that a court should deny a motion for leave to amend the complaint when there is evidence of undue delay, bad faith or dilatory motive on the part of the moving party. See Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227 (1962); Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc., 148 F. Supp. 2d 321, 327 (S.D.N.Y. 2001). In the instant Motion, Plaintiffs characterize the purpose of their Motion as (i) clarifying their discriminatory claims and (ii) adding a novel cause of action under COBRA. As an initial matter, Plaintiffs have never raised their purported COBRA claims prior to their current Motion despite the fact that Plaintiffs have had notice of the statute and the facts underlying that claim since May 2006. Further, Plaintiffs could have asserted their COBRA claim in May 2007 when they filed the State Action or in October 2007 when they filed the instant federal action, and, yet, they never did. Instead, they waited until the eleventh hour -- *i.e.*, *after* this Court's scheduled pleadings amendment deadline (*i.e.*, February 15, 2008) -- to request leave to amend the Complaint, further illustrating their undue delay, dilatory motive and bad faith.

Second, Plaintiffs' claims that the amendments are necessary to clarify their claims are misleading given that (i) the parties have not exchanged discovery in any of these matters that would give rise to new facts since May 2006, (ii) Plaintiffs have retained the same counsel since at least July 2006, such that Plaintiffs' counsel's awareness of the facts has remained continuous and unchanged, and (iii) this is Plaintiffs' *fifth attempt* to modify their legal theories for recovery,

demonstrating the numerous opportunities they have had already to include additional theories of recovery in their prior pleadings. Thus, in order to offset the imminent prejudice to Defendant that would otherwise result, this Court should deny Plaintiffs' Motion.

A.    **Plaintiffs' Undue Delay is Evident.**

"[T]he liberality with which a court grants leave to amend does not impart to litigants the privilege of re-shaping their legal theories endlessly . . . ." See <u>Sanders v. Thrall Car M'fg Co.</u>, 582 F. Supp. 945, 953 (S.D.N.Y. 1983). Here, Plaintiffs seek to assert a new cause of action under COBRA alleging that the Center violated their statutory rights because they did not receive notice of their continuation of benefits following their terminations. Importantly, Plaintiffs set forth their COBRA allegations *nearly two years* after their terminations, when the fact of the matter is that Plaintiffs would have been aware of this alleged COBRA violation *within weeks* of their terminations – *i.e.*, approximately in June 2006.

Clearly, in the twenty-two months that have passed since their terminations, this matter should have come to light and been alleged in one of the two complaints Plaintiffs filed prior to this Motion (*i.e.*, the State Action and the initial federal Complaint). Moreover, there is simply no new evidence that has surfaced since their terminations to justify Plaintiffs' request for leave to amend the Complaint at this late stage. Thus, given that nearly two years have lapsed, and Plaintiffs failed to include COBRA in the State Action or initial federal Complaint, Plaintiffs' undue delay in asserting these claims is evident. See <u>Zahra v. Town of Southold *et al.*</u>, 48 F.3d 674, 686 (2d Cir. 1995)(affirming denial of leave to amend because two and one-half years of awareness of claim constituted undue delay); <u>In re: Teligent, Inc.</u>, 346 B.R. 73, 77 (Bankr. S.D.N.Y. 2006)(denying leave to amend because plaintiff had known of underlying facts of claim for two years); <u>Briarpatch Ltd.</u>, 148 F. Supp. 2d at 330 (denying leave to amend because plaintiffs had notice of facts for at least 18 months); <u>Hall v. United Techs.</u>, 872 F. Supp. 1094,

1101-02 (D. Conn. 1995)(denying leave to amend because plaintiffs knew of information for at least two years prior).

Further, the Court should deny a leave to amend when Plaintiff has already had a chance to amend the complaint and failed to do so. See Hall, 872 F. Supp. at 1101-02 (denying leave to amend because plaintiffs had multiple opportunities to frame complaint properly and failed to do so, demonstrating dilatory motive). As a practical matter, Plaintiffs already had a chance to amend their Complaint when they changed venues from State Court to Federal Court (*i.e.*, because both venues allowed them to assert the COBRA and discrimination claims), and they failed to do so, even though they were or should have reasonably been aware of this alleged issue in June 2006. Put simply, Plaintiffs have had almost two years to analyze the underlying facts of their Complaint and "four bites at the apple" to perfect their causes of action and allegations against the Center before seeking to amend the Complaint and failed to do so. This Court should not excuse Plaintiffs' undue delay; accordingly, Plaintiffs' Motion must be denied.

**B.    Plaintiffs Cannot Demonstrate That They Inadvertently Failed to Include the COBRA Claim by Oversight or Excusable Neglect.**

It is well-settled that if a Court finds that Plaintiffs' undue delay is evident, as it is here, the Court has the discretion to require Plaintiffs to demonstrate a "satisfactory explanation" for the undue delay. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990)("The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay . . . and the court is free to conclude that ignorance of the law is an unsatisfactory excuse); Briarpatch Ltd., 148 F. Supp. 2d at 327 ("where a considerable amount of time has passed . . . courts have placed the burden upon the movant to show some valid reason for [its] neglect and delay.")(quoting Sanders, 582 F. Supp. 945). Here, Plaintiffs' Motion is void of *any explanation* as to why Plaintiffs failed to assert the COBRA claim in their State Action or in their initial

federal Complaint. Courts of this State have found such a lack of an explanation to be grounds for denying a motion to amend in and of itself. See Teligent, Inc., 346 B.R. at 76 (denying leave to amend because "plaintiff has not offered a satisfactory explanation as to why she did not assert [proposed claim] until now"); Hall, 872 F. Supp. at 1101-02 (same).

Importantly, even if Plaintiffs' could claim that they were not aware of claims under COBRA at the time they filed any of their two complaints (which they cannot), mere "ignorance" of a statute's existence does not qualify as an acceptable explanation for Plaintiffs' undue delay in asserting their COBRA claim given the period of time and number of forums that have already been exhausted. See Cresswell, 922 F.2d at 72 (affirming district court's denial of leave because applicable statute existed for significant time prior to complaint and ignorance of statute no excuse); Sanders, 582 F. Supp. at 952 (denying leave to amend to add RICO claim because plaintiff's ignorance of statute no excuse). Moreover, such an excuse belies the fact that Plaintiffs have been represented by the same counsel[8] in the SDHR, State Court and Federal Court Actions.

In the instant case, Plaintiffs cannot possibly demonstrate that their failure to include the COBRA claim or other allegations ever resulted from mere oversight, inadvertence or excusable neglect, as they have been continuously represented by the same counsel in three different administrative and judicial forums and never asserted such a claim over nearly two years of litigation, even though they have known of the underlying facts since May 2006. Accordingly, the Motion must be denied.

---

[8] In fact, Plaintiffs' counsel, Mr. Neil M. Frank, has been practicing in this area of the law for approximately forty years. Moreover, Mr. Frank is managing partner of his law firm and regularly practices before the National Labor Relations Board, federal and state courts, and state and federal human rights agencies. See http://www.laborlaws.com/Attorneys/Frank.htm (March 10, 2008).

C.    **Plaintiffs' Bad Faith and Dilatory Motive Cannot be Ignored.**

"[A] party's dilatory motive is a legitimate basis for a court's denying that party's motion to amend a pleading." See In re: Enron Corp., 367 B.R. 373, 379 (Bankr. S.D.N.Y. 2007)(citations omitted).   Here, Plaintiffs' bad faith and dilatory motive is clear.   Specifically, Plaintiffs have misused state and federal judicial and administrative forums as a checkerboard, *i.e.*, forum shopping and re-designing their legal theories (*e.g.*, unfair labor practice, discrimination, COBRA), in an effort to waste Defendant's time and resources.   Such an offensive use of the legal system done purely to harass Defendant should not be rewarded by this Court in granting the Motion, which will only encourage Plaintiffs to continue abusing the system and wasting Defendant's resources.   Moreover, there is simply no basis to amend the Complaint for the COBRA claim or other allegations of discrimination because the Plaintiffs had full knowledge of the facts and information governing these claims since May 2006 and have never asserted them in the State Action or the federal action until now.   See Hall, 872 F. Supp. at 1101-02.   Thus, because Plaintiffs are hard pressed to demonstrate the legitimacy of their delay, which can only be attributed to their lack of diligence, bad faith and a motive to harass Defendant, the Court must deny the Motion.

D.    **Granting the Motion Will Undoubtedly Prejudice Defendant.**

Among the factors that this Court should consider with respect to making a finding of prejudice to Defendant is the unnecessary expenditure of additional resources for discovery and trial preparation and significant delay for the resolution of a dispute.   See Briarpatch, 148 F. Supp. 2d at 327.   "Prejudice is *particularly likely* where the amendment raises new theories of recovery or would require additional discovery."   Id. (emphasis added).   In addition, courts have found prejudice to a defendant when a plaintiff has known about a claim for a significant period of time and failed to assert it earlier in the litigation.   See Teligent, Inc., 346 B.R. at 77 (denying

- 10 -

leave to amend because plaintiff had known of claim's underlying facts for two years and assertion of new claim prejudiced defendant); Briarpatch Ltd., 148 F. Supp. 2d at 330 (denying leave to amend because plaintiffs had notice of facts for at least 18 months and amendment would prejudice defendants). There is no doubt that Plaintiffs' addition of the COBRA claim will cause Defendant severe prejudice because Defendant will have to seek discovery related to this claim and construct a defense to this claim, even though the underlying events took place in June 2006, and Plaintiffs have never raised it as an issue until now – *almost two years later*.

In addition, the Motion must be denied because the close of discovery is fast approaching (*i.e.*, May 15, 2008), and Defendant will suffer prejudice by having to expend significant time and resources investigating a brand new legal theory to construct its defense only a short time before the close of discovery. See Teligent, Inc., 346 B.R. at 76 (denying leave to amend because discovery deadline fast approaching and assertion of new claim prejudiced defendant); see also Bridgeport Music, Inc. *et al.* v. Dimension Films *et al.*, 410 F.3d 792, 807 (6th Cir. 2005)(denying motion for leave to amend because assertion of brand new claim prejudiced defendant so close to discovery deadline). Such prejudice is unwarranted given that the facts underlying the COBRA claim were known soon after the time of Plaintiffs' discharge from Defendant's employ, and Plaintiffs never gave Defendant notice that it would assert this claim until now. Accordingly, because Defendant will suffer severe prejudice if Plaintiffs are given leave to amend the Complaint, the Motion must be denied.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiffs' Motion for Leave to Amend the Complaint.

Respectfully Submitted,

McDERMOTT WILL & EMERY LLP

By:_____
    Joel E. Cohen, Esq. (JEC 5312)
    Nadine M. Gomes Williams, Esq. (NW3319)

340 Madison Avenue
New York, New York 10173
(212) 547-5400

*Attorneys for Defendant*
Kingsbridge Heights Rehab. Care Center

TO:

FRANK & ASSOCIATES, P.C.
Neil M. Frank, Esq.
Pamela J. Eisner, Esq.
500 Bi-County Boulevard, Suite 112N
Farmingdale, New York 11735
(631) 756-0400

*Attorneys for Plaintiffs*
June Bennett, Jocelyn McCalla and Juan Villalon

NYK 1149800-2.057806.0011

- 12 -