UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

JUNE BENNETT, JOCELYN MCCALLA
and JUAN VILLALON,

         Plaintiffs,          Index No. 07 CV 9456

   -against-                      **AFFIDAVIT OF JOEL E. COHEN, ESQ.**

KINGSBRIDGE HEIGHTS REHABILITATION
CARE CENTER,

         Defendant.

------------------------------------------------------------ x

STATE OF NEW YORK  )
                          ) ss.
COUNTY OF NEW YORK  )

      JOEL E. COHEN, being duly sworn, deposes and says:

      1.    I am duly admitted to practice law in this Court and am a member of the law firm of McDermott Will & Emery LLP, counsel for defendant Kingsbridge Heights Rehabilitation Care Center ("Defendant" or the "Center"), in the above-captioned action.

      2.    I am fully familiar with the facts of this proceeding and make this supplemental affidavit in further support of Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend the Complaint (the "Opposition Memorandum").

      3.    The Center is a privately-owned entity and is engaged in the operation of a nursing home providing residential nursing care to patients.

      4.    Defendant previously employed Plaintiffs in its operation and ultimately terminated each of them on May 24, 2006 in connection with intimidating threats they made against non-Union employees prior to a Union strike.

5. Specifically, a number of non-Union employees reported to the Center's management that certain employees who were major Union supporters told them that they would be beaten up, burnt and have acid thrown in their faces if they worked during the planned strike, and specifically identified Ms. Bennett and Ms. McCalla, both Union delegates, as well as Mr. Villalon, as the threatening employees.

6. Accordingly, following the Center's investigation of the non-Union employees' allegations, Defendant terminated Plaintiffs' employment.

7. Thereafter, on June 2, 2006, Local 1199/SEIU, the Union representing Plaintiffs, filed an unfair labor practice charge with the National Labor Relations Board (the "NLRB"), asserting that the Center unlawfully terminated Plaintiffs' employment based on their purported protected Union activity.

8. The NLRB investigated the Union's allegations and interviewed the Center's witnesses, including confidential interviews with the non-Union employees who identified Ms. Bennett, Ms. McCalla and Mr. Villalon as the individuals who threatened them.

9. On November 30, 2006, the NLRB Regional Director dismissed the Union's charge against the Center finding that the Center did not engage in unlawful conduct.

10. On January 19, 2007, the NLRB General Counsel affirmed the dismissal of the charge, stating that "a review of the evidence failed to establish that the Employer discharged [them] because of their union activities, rather than for the legitimate business reasons advanced by [the Center]." (Attached hereto as Exhibit A is a true and correct copy of the January 19, 2007 decision from the NLRB General Counsel).

11. After the General Counsel upheld the dismissal of Plaintiffs' unfair labor practice charges, Ms. Bennett and Ms. McCalla initiated actions at the New York State Division of

Human Rights (the "SDHR" or "Division") in June 2006. The actions were <u>June Bennett v. Kingsbridge Heights Rehabilitation Care Center</u>, SDHR Case No.: 10112370 and <u>Joycelyn McCalla v. Kingsbridge Heights Nursing Home</u>, SDHR Case No.: 10112373, respectively. (Attached hereto as Exhibit B is a true and correct copy of Ms. Bennett's and Ms. McCalla's Division complaints).

12.     Shortly thereafter, on July 3, 2006, Mr. Villalon followed suit by initiating an action with the Division (all of the actions before the Division are collectively referred to herein as the "SDHR Actions"). Mr. Villalon's action was <u>Juan Villalon v. Kingsbridge Heights Rehabilitation Care Center</u>, SDHR Case No.: 10112529. (Attached hereto as Exhibit B is a true and correct copy of Mr. Villalon's Division complaint).

13.     Significantly, the SDHR Actions were based on the same underlying facts as the NLRB charges (*i.e.*, Plaintiffs' former employment with and termination from the Center); however, in the SDHR Actions, Plaintiffs claimed the Center discriminated against them *based on their race, color and/or age classifications* pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL").

14.     In July 2007, Defendant submitted its Verified Answer to the allegations set forth by Plaintiffs, denying the allegations and restating the non-discriminatory grounds for Plaintiffs' terminations.

15.     By August 2007, the parties were prepared to begin trial, as they had already submitted their Preliminary Conference Submissions to the SDHR, which essentially set forth summaries of their respective claims and defenses, as well as proposed witnesses for the pending hearing.

16. The Division scheduled a preliminary conference concerning the SDHR Actions to take place on August 10, 2007, as well as a hearing to begin on September 10, 2007.

17. At the Preliminary Conference -- one month before the parties were scheduled to go to trial at the SDHR -- the parties appeared before Administrative Law Judge Lilliana Estrella-Castillo ("Judge Castillo"), at which conference Plaintiffs informed Judge Castillo and Defendants that they had received their requested right to sue letters from the Equal Employment Opportunity Commission (the "EEOC"). Significantly, Plaintiffs could have requested their right-to-sue letters from the EEOC at any time after January 2007 – *i.e.*, approximately 180 days after the Division dually-filed Plaintiffs' charges with the EEOC. Instead, demonstrating their bad faith, Plaintiffs purposefully waited nearly *six months* (*i.e.*, weeks before the hearing) to request their right-to-sue letters from the EEOC. Given that Plaintiffs obtained their right to sue letters, they requested a voluntary Administrative Dismissal of their SDHR Actions so that they could file a complaint in federal court.

18. During this conference, Judge Castillo specifically asked Plaintiffs to describe the circumstances of their terminations and the alleged discriminatory conduct. Notably, Plaintiffs could not articulate specific conduct substantiating why they perceived their terminations to be discriminatory, despite Judge Castillo's repeated requests for such a description. (Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' letter requesting such dismissal).

19. Despite Defendant's motion to deny Plaintiffs' request for dismissal, on August 15, 2007, the Division issued Plaintiffs their Administrative Dismissal letters. (Attached hereto as Exhibit D is a true and correct copy of Defendant's motion to deny Plaintiffs' request for dismissal).

20.   On May 31, 2007, *more than a year after their terminations* and while their cases were scheduled for trial before the Division, Plaintiffs simultaneously filed a Complaint in the Supreme Court of the State of New York, Bronx County (the "State Action"). The State Action was <u>Villalon *et al.* v. Kingsbridge Heights Rehab. Ctr. *et al.*</u>, Index No. 15806/07 (Bronx Cty. 2007). (Attached hereto as Exhibit E is a true and correct copy of the Complaint in the State Action).

21.   In the State Action, Plaintiffs again asserted their NYSHRL discrimination claims, as well as additional claims under the New York City Administrative Code and the Equal Protection clause of the New York State Constitution in connection with their employment and discharge from the Center.

22.   On July 16, 2007, Defendant moved to dismiss the State Action on the grounds that (i) Plaintiffs' NYSHRL and NYC Administrative Code claims were barred pursuant to the Election of Remedies Doctrine contained in that statute and (ii) the Equal Protection clause claims failed because the Center was not a state actor subject to the clause.

23.   On November 8, 2007, the Supreme Court of the State of New York dismissed Plaintiffs' State Action pending the Division's decision concerning Plaintiffs' request for an administrative dismissal.

24.   After the Division granted Plaintiffs' request for a dismissal, Plaintiffs proceeded to their *fourth forum* -- federal court.

25.   On October 23, 2007, Plaintiffs filed the instant Complaint in federal court, again alleging discrimination claims under *inter alia* Title VII, NYSHRL and the NYC Administrative Code based on their various protected categories of race, color and/or age in connection with their employment with and terminations from the Center.

26. On January 11, 2008, the Honorable Lewis A. Kaplan issued a Scheduling Order stating that February 15, 2008 was the last day for the parties to amend the pleadings as of right, and that discovery would close on May 15, 2008.

27. Notwithstanding this Court's Order, Plaintiffs sought an extension of time to seek leave to amend the Complaint to add additional allegations of discriminatory conduct and novel violations of the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

28. The Court granted Plaintiffs' request, and Plaintiffs filed the instant Motion on February 25, 2008.

29. Attached hereto as Exhibit F is a true and correct copy of Chudnovsky v. Prudential Securities, Inc., 98 Civ. 7753 (SAS), 2000 WL 157876, 2000 U.S. Dist. LEXIS 15401 (S.D.N.Y Oct. 19, 2000), which is cited in Defendant's accompanying Opposition Memorandum.

30. Attached hereto as Exhibit G is a true and correct copy of Wiley v. Citibank, N.A., No. 98 Civ. 1139, 2000 WL 122148, 2000 U.S. Dist. LEXIS 799 (S.D.N.Y. Feb 1, 2000), which is cited in Defendant's accompanying Opposition Memorandum.

WHEREFORE, the undersigned respectfully requests that this Court deny Plaintiffs' Motion in its entirety.

_____
Joel E. Cohen

Duly sworn to before me this
13th day of March 2008.

_____
Notary Public
JOANNE ALNAJJAR
Notary Public, State of New York
No. 02AL6164964
Qualified in New York County
Commission Expires May 7, 2011

NYK 1150092-1.057806.0011