# EXHIBIT B

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

JUNE BENNETT
JUAN VILLALON

                     Complainant,
        v.

KINGSBRIDGE HEIGHTS REHABILITATION
CARE CENTER,
                     Respondent.

NOTICE OF HEARING

Case No.
10112370
10112529

**AND**

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

JOCELYN MCCALLA

                     Complainant,
        v.

KINGSBRIDGE HEIGHTS NURSING HOME
                     Respondent.

NOTICE OF HEARING

Case No.
10112373

---

**PLEASE TAKE NOTICE** that the above-referenced matter has been officially scheduled for a hearing, on the dates and time below, to determine the charges of unlawful discriminatory practices alleged in the verified complaint filed in this case:

Dates:        Mon 9/10/2007 - Tue 9/11/2007

Time:         10:00 AM

Place:        Hearing Room #2
              NYS Division of Human Rights
              One Fordham Plaza, 4th Floor
              Bronx, NY 10458

**PLEASE TAKE FUTHER NOTICE** that the hearing will commence with a preliminary conference before **Lilliana Estrella-Castillo**, an Administrative Law Judge of the Division, scheduled for the following date and time:

Date:         AUGUST 10, 2007

Time:         10:00 AM

Place:        Hearing Room #1
              NYS Division of Human Rights
              One Fordham Plaza, 4th Floor
              Bronx, NY 10458

Five (5) business days before the scheduled preliminary conference date, parties (or their attorneys) shall submit the following information to the Administrative Law Judge: (1) a brief statement of each issue in the case; (2) the names of all witnesses and a brief summary of their expected testimony; and (3) a list of each document counsel proposes to use in support of their case and its relevance to the stated issues.

At least two (2) business days prior to the preliminary conference, Respondent shall, and any necessary party may, file a written answer to the complaint, sworn to and subject to the penalties of perjury, with the Administrative Law Judge, and shall serve a copy upon each of the other parties to the proceeding. The answer shall contain all affirmative defenses, including any defense of lack of jurisdiction.

**A failure to answer the complaint shall be deemed an admission of the allegations of the complaint; the presiding Administrative Law Judge shall note the default; and the hearing shall proceed on the evidence in support of the complaint.**

Respondent who has filed an answer shall appear at the public hearing in person or with an attorney. All parties appearing at the public hearing shall be allowed to present evidence in

accordance with the revised Rules of Practice of the Division (9 N.Y.C.R.R. § 465).

**PLEASE TAKE NOTICE** that if upon all the evidence at the hearing, the Commissioner of Human Rights shall find that Respondent has engaged in an unlawful discriminatory practice as defined in the New York State Human Rights Law (N.Y. Executive Law, art. 15), the Commissioner will issue an order against a Respondent, as provided for by Section 297 of the New York State Human Rights Law, requiring such Respondent to cease and desist from such unlawful discriminatory practice and to take such actions as in the judgment of the Commissioner will effectuate the purposes of the law, which may include the payment of monetary damages to Complainant.

**No adjournment of the preliminary conference or public hearing shall be granted, except for actual engagement before a higher tribunal or for other good cause shown. Requests for adjournment must be in writing to the Administrative Law Judge.**

Dated:   July 26, 2007
         Bronx, New York

TO:

<u>Complainant</u>
June Bennett
40 Woodruff Avenue
Apt. 610
Brooklyn, NY 11226

Jocelyn McCalla
3525 Decatur Avenue, #1M
Bronx, NY  10467

Juan Villalon
2235 Tiebout Avenue
Bronx, NY  10457

<u>Complainant Attorney</u>
Pamela J. Eisner, Esq.
Frank & Associates, P.C.
500 Bi-County Boulevard, Suite 112N
Farmingdale, NY 11735

<u>Respondent</u>
Kingsbridge Heights Rehabilitation Care Center
Attn: Laurence Abrams, Administrator
3400-26 Cannon Place
Bronx, NY 10463

Kingsbridge Heights Nursing Home
Attn: Laurence Abrams, Administrator
3400-26 Cannon Place
Bronx, NY 10463


<u>Respondent Attorney</u>
Nadine M. Gomes Williams
McDermott Will & Emery
340 Madison Avenue
New York, NY 10173-1922

<u>State Division of Human Rights</u>
Joshua Zinner, Deputy Commissioner for Enforcement
One Fordham Plaza, 4th Floor
Bronx, New York 10458

        By:  Not Currently Assigned

<u>Office of Administrative Law Judges</u>
One Fordham Plaza, 4th Floor
Bronx, New York 10458

Assigned: Lilliana Estrella-Castillo, Administrative Law Judge
         One Fordham Plaza, 4th Floor
         Bronx, NY 10458
         Tel: (718) 741-8255
         Fax: (718) 741-8104

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

---

| | |
|---|---|
| STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>JUNE BENNETT<br>                              Complainant<br>                     v.<br><br>KINGSBRIDGE HEIGHTS REHABILITATION CARE CENTER<br>                              Respondent | VERIFIED COMPLAINT Pursuant to Executive Law, Article 15<br><br>Case No.<br>**10112370** |

Federal Charge No. 16GA603533

   I, June Bennett, residing at 40 Woodruff Avenue Apt. 610, Brooklyn, NY, 11226, charge the above named respondent, whose address is 3400-26 Cannon Place, Bronx, NY, 10463 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of opposed discrimination/retaliation.

   Date most recent or continuing discrimination took place is 5/24/2006.

   The particulars are:

   1.   I have filed previous complaints with the New York State Division of Human Rights (Complaint #5806442) and (Complaint #4607671). Because of this, I have been subject to unlawful discriminatory actions.

   2.   My first complaint was resolved by a Pre-Determination Conciliation Agreement on July 23, 2003. My second complaint received a determination of No Probable Cause on July 15, 2004.

   3.   On May 23, 2006, I went to Solomon Rothenberg's, Director of Operations, office with Joycelyn McCalla, Certified Nursing Assistant (CNA); and Catherine Sankar, Certified Nursing Assistant Delegate, to discuss Ms. McCalla's situation. Mr. Rothenberg requested that Ms. McCalla write a statement because a staff member reported to the 50th Precinct of the New York City Police Department that Ms. McCalla had threatened to throw eggs during a Union Local 1199 strike. I informed Mr. Rothenberg that the Staff member's statement is false because I called the police station and I was informed that there was no report. Mr.

Complaint
SDHR Case No. 10112370
June Bennett v. Kingsbridge Heights Rehabilitation Care Center

Rothenberg then asked Ms. McCalla to leave the room, and that Ms. Sankar should close the door. Mr. Rothenberg then berated me by requesting me to write a statement, too. I asked Mr. Rothenberg who my accuser is, but Mr. Rothenberg said that he will get the report, but that if I accuse him of being a liar again, he will fire me.

4. On May 24, 2006, Ms. Sankar approached me to tell me that Belina Guerrero, Director of Nursing, would like to see me. When I saw Ms. Guerrero, I asked her if the matter was about Mr. Rothenberg, and she responded that it was, but I did not want to talk about it unless Mr. Rothenberg was present. Ms. Guerrero then brought me to see Larry Abrams, Administrator, and Umberto Alfonso, Assistant Administrator. Ms. Guerrero then read a letter of termination to me in which I was fired that day.

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of opposed discrimination/retaliation, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

_June Bennett_ (signature)
June Bennett

Complaint
SDHR Case No. 10112370
June Bennett v. Kingsbridge Heights Rehabilitation Care Center

STATE OF NEW YORK )
                  ) SS:
COUNTY OF NEW YORK )

June Bennett, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him or her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

_____
June Bennett

Subscribed and sworn to
before me this 21st day
of June, 2006.

_____
Signature of Notary Public

GLENN NICHTENHAUSER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01NI4663866
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES JULY 1, 2007

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

| | |
|---|---|
| STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>JOYCELYN MCCALLA<br>        Complainant<br>    v.<br><br>KINGSBRIDGE HEIGHTS NURSING HOME<br>        Respondent | VERIFIED COMPLAINT<br>Pursuant to Executive Law, Article 15<br><br>Case No.<br>**10112373** |

Federal Charge No. 16GA603535

 I, Joycelyn McCalla, residing at 3525 Decatur Avenue #1M, Bronx, NY, 10467, charge the above named respondent, whose address is 3400-26 Cannon Place, Bronx, NY, 10463 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of age, race/color.

 Date most recent or continuing discrimination took place is 5/24/2006.

 The particulars are:

 1. I am Black and I am 50 years of age (D.O.B October 19, 1956). Because of this, I have been subjected to unlawful discriminatory actions.

 2. I was hired by the Respondent on December 09, 2004 as a Nurse. My time, attendance and work performance have always been satisfactory.

 3. On May 24, 2006, I was informed by Mr. Soloman, Director that my employment was being terminated. She stated that the reason for my termination was that I told an employee that if she came to work during a strike that I would beat her up and throw acid on her. She did not give me the name of the employee and I have no idea who or what she is referring to because I never said such a thing.

 4. I believe that if it were not for my age and race I would not have been terminated.


Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of age,

Complaint
SDHR Case No. 10112373
Joycelyn Mccalla v. Kingsbridge Heights Nursing Home

race/color, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

_____
Joycelyn McCalla

STATE OF NEW YORK )
COUNTY OF        ) SS:

Joycelyn McCalla, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him or her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

_____
Joycelyn McCalla

Subscribed and sworn to
before me this 21 day
of June , 2006

JANNE LINARES
Commissioner of Deeds
No. 3-7203
Commission Expires May 01, 2008

_____
Signature of Notary Public

Page 2 of 2

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

| | |
|---|---|
| STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>JUAN VILLALON<br>                                Complainant<br>        v.<br><br>KINGSBRIDGE HEIGHTS REHABILITATION CARE CENTER<br>                                Respondent | VERIFIED COMPLAINT Pursuant to Executive Law, Article 15<br><br>Case No.<br>**10112529** |

Federal Charge No. 16GA603654

    I, Juan Villalon, residing at 2235 Tiebout Avenue Apt. PVT, Bronx, NY, 10457, charge the above named respondent, whose address is 3400-26 Cannon Place, Bronx, NY, 10463 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of opposed discrimination/retaliation, race/color.

    Date most recent or continuing discrimination took place is 5/24/2006.

    The particulars are:

    1.  I am Black and filed a prior complaint against the Respondent with the New York State Divison of Human Rights in March 2001 (#4605125) and because of this; I have been subjected to unlawful discriminatory actions.

    2.  On June 29, 1990, I was hired by the Respondent and my last work location was in the Respondent's kitchen.

    3.  On May 9, 2006 I was accused of threatening a co-worker with harm if she would come into work during a strike. I have no idea who this person is that I am accused of threatening.

    4.  In December 2005, I asked Dietary why are there no new Hispanic workers being hired.

    5.  On May 24, 2006, I was terminated by the Respondent.

    6.  I believe that if I were not Black, had not filed a prior complaint and did not ask about the hiring of Hispanics I would not have been terminated.

Complaint
SDHR Case No. 10112529
Juan Villalon v. Kingsbridge Heights Rehabilitation Care Center

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of opposed discrimination/retaliation, race/color, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

_____
Juan Villalon

Complaint
SDHR Case No. 10112529
Juan Villalon v. Kingsbridge Heights Rehabilitation Care Center

STATE OF NEW YORK )
                  ) SS:
COUNTY OF         )

Juan Villalon, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him or her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

_____
Juan Villalon

Subscribed and sworn to
before me this 3rd day
of July , 2006

JANNE LINARES
Commissioner of Deeds
No. 3-7203
Commission Expires May 01, 2008

_____
Signature of Notary Public