# EXHIBIT G

Westlaw.

Not Reported in F.Supp.2d                                                                                                                   Page 1
Not Reported in F.Supp.2d, 2000 WL 122148 (S.D.N.Y.), 78 Empl. Prac. Dec. P 40,117
(Cite as: Not Reported in F.Supp.2d)

HWiley v. Citibank, N.A.
S.D.N.Y.,2000.

United States District Court, S.D. New York.
Judy WILEY, and all others similarly situated,
Plaintiffs,
v.
CITIBANK, N.A., Defendant.
No. 98 Civ. 1139(DAB).

Feb. 1, 2000.

Stephan T. Mitchell, P.C., New York, New York, Stephen T. Mitchell, for Plaintiff, of counsel.
Proskauer Rose LLP, New York, New York, Bettina B. Plevan, Elizabeth I. Hook, Elise A. Olgin, for Defendant, of counsel.

*MEMORANDUM & ORDER*

BATTS, J.

*1 Plaintiff Judy Wiley filed an action on behalf of herself and all other African-American employees of Defendant Citibank, N.A. alleging class-wide and individual racial discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e*et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law, Executive Law §§ 296*et seq.* ("Executive Law"), and the New York City Administrative Code §§ 8-107 and 8-502 ("Administrative Code"). Defendant moves to dismiss the individual and class-wide discrimination claims for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and the Section 1981 claims for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, the Defendant's motions to dismiss Plaintiff's claims under Title VII, Executive Law and Administrative Code are GRANTED and the Defendant's motion to dismiss all claims under Section 1981 is GRANTED, insofar as it is addressed to events on or before February 16, 1995.

I. BACKGROUND

Plaintiff, an African-American woman, was employed by Citibank from November 1986 to September 1996. (Compl.¶¶ 18, 21.) Plaintiff alleges that she was denied promotion opportunities because of her race, (Compl.¶¶ 22-28), that her complaints about such practices were ignored by Defendant, (Compl.¶ 28), that Plaintiff suffered retaliation from co-workers after she filed discrimination claims against the Defendant with the Equal Employment Opportunity Commission ("EEOC") and the New York Department of Human Rights ("DHR"), (Compl.¶ 31), and that ultimately she was constructively discharged because of a hostile work environment, (Compl.¶ 21).

On or about October 22, 1990, Plaintiff filed a charge with both EEOC and DHR alleging Defendant's discriminatory failure to promote, (Brill Aff. ¶ 2), which the EEOC subsequently referred to DHR for investigation. On or about May 6, 1992, Plaintiff filed a second complaint with DHR, which was subsequently also filed with EEOC, alleging that she suffered retaliation for having filed the earlier complaint of discrimination. (Brill Aff. ¶ 3.) After conducting an investigation, DHR issued findings of "probable cause" for each claim, (Brill Aff. ¶¶ 2-3), and consolidated the two complaints for a hearing before Administrative Law Judge Margaret Leibowitz, which was conducted on four days between May 16, 1996 and July 2, 1996, (Brill Aff. ¶ 4). The EEOC issued "Right to Sue" notices for both of Plaintiff's claims, at her request, on November 17, 1997. (Compl.¶ 17.) The Plaintiff commenced the instant action on February 16, 1998 and discontinued the DHR proceedings as of July 20, 1998, before Judge Leibowitz issued a decision on the merits of the claims.

II. DISCUSSION

Defendant moves to dismiss the Complaint, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, respectively. In deciding a Rule 12(b)(1) motion, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). Defects in subject matter jurisdiction cannot be waived and may

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 122148 (S.D.N.Y.), 78 Empl. Prac. Dec. P 40,117
(Cite as: Not Reported in F.Supp.2d)

Page 2

be raised at any time during a proceeding. *Moodie v. Federal Reserve Bank of New York,* 58 F.3d 879, 882 (2d Cir.1995); *Fox v. Board of Trustees of the State Univ.,* 42 F.3d 135, 140 (2d Cir.1994), cert. denied,115 S.Ct. 2634 (1995).

*2 In deciding a 12(b)(6) motion, the Court must read the complaint generously, accepting as true the factual allegations in the complaint and drawing all inferences in favor of the pleader. *Bolt Elec., Inc. v. City of New York,* 53 F.3d 465, 469 (2d Cir.1995); *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993). The Court should grant such a motion only if after viewing Plaintiff's allegations in this favorable light, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Walker v. City of New York,* 974 F.2d 293, 298 (2d Cir.1992), cert. denied,507 U.S. 961;see also,*Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991), cert. denied503 U.S. 960 (1992) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). Because a 12(b)(6) motion is used to assess the legal feasibility of a complaint, the Court should not "assay the weight of the evidence which might be offered in support thereof."*Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (1984). Rather, the Court must limit its consideration to the facts that appear on the face of the complaint. *Id.*

A. The Claims of Discrimination and Retaliation Under the Executive Law and the Administrative Code

Plaintiff alleges that Defendant discriminated and retaliated against her in violation of Executive Law §§ 296*et seq.* and Administrative Code §§ 8-107 and 8-502. Defendant argues that the Executive Law's election of remedies clause is a jurisdictional bar to those claims. Executive Law § 297(9) provides that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages ...*unless* such person has filed a complaint hereunder or with any local commission on human rights ... [unless] the division has dismissed such complaint on the grounds of administrative convenience."(emphasis added) Plaintiff argues that her Executive Law and Administrative Code claims should not be dismissed because DHR issued a "Corrected Consent to Discontinuance" of the state proceedings on July 20, 1998. (Pl.'s Reply Mem. ¶¶ 1-2.)

In *Scott v. Carter-Wallace,* 541 N.Y.S.2d 780 (N.Y.App. Div. 1st Dep't 1989), the court held that Executive Law § 297(9) prohibits a plaintiff who has filed a complaint with DHR from pursuing a remedy in state court.[FN1]The prohibition against filing in state court after a complaint has been filed with DHR has been extended to federal court as well. *Weisman v. Metropolitan Museum of Art,* 772 F.Supp. 817, 819 (S.D.N.Y.1991). Further, federal courts may not exercise supplemental jurisdiction over discrimination claims referred by the EEOC to DHR. *Promisel v. First Am. Artificial Flowers,* 943 F.2d 251, 257 (2d Cir.1991), cert. denied,502 U.S. 1060 (1992)."[T]he election required by the statute to proceed either judicially or administratively is strictly enforced[,] and ... once a grievance is taken to the State Division, the election to do so cannot be undone through the simple expedient of dropping the proceedings before that agency and commencing an action in court."*Carter-Wallace,* 541 N.Y.S.2d at 781.

FN1. On July 15, 1991, the New York Legislature amended Executive Law § 297 and effectively overruled the decision in *Carter-Wallace* .See Ch. 342 of the Law of 1991. As amended, § 297 provides, in relevant part, that: "A complaint filed by the equal employment opportunity commission to comply with the requirements of 42 U.S.C. § 2000e-5(c) shall not constitute the filing of a complaint within the meaning of this subdivision."*Id.* The Legislature expressly stated, however, that the legislation "shall take effect immediately and shall apply to complaints filed with any federal commission on human rights on or after such a date."Because Plaintiff filed her first complaint with EEOC before July 15, 1991, Plaintiff's discrimination claim is unaffected by the amendment to § 297.

Plaintiff's second claim for retaliation appears to have been filed initially with DHR after July 15, 1991 and consequently filed with EEOC. See Brill Aff., Exh. B. Although the Court has doubts as to whether the Plaintiff understood that she was electing a particular remedy by initially filing the retaliation claim with

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-09456-LAK    Document 15-8    Filed 03/14/2008    Page 4 of 7

Not Reported in F.Supp.2d                                                                                                     Page 3
Not Reported in F.Supp.2d, 2000 WL 122148 (S.D.N.Y.), 78 Empl. Prac. Dec. P 40,117
(Cite as: Not Reported in F.Supp.2d)

DHR rather than EEOC, this seemingly innocuous choice prevents Plaintiff from falling under the scope of the 1991 exemption to § 297(9).See_Polakoff v. St. Lawrence University et al., 1996 WL 481552, at *5 (N.D.N.Y.1996)_ (holding that a complaint ultimately filed with both DHR and EEOC but initially filed with DHR after July 15, 1991 constituted an election of remedies under § 297(9)). Plaintiff's retaliation claim is, therefore, also unaffected by the amendment to § 297.

*3 Here, Plaintiff elected to proceed with her Executive Law and Administrative Code claims before DHR. (Brill Aff. ¶¶ 2-4.) The Plaintiff's discontinuance of such proceedings-following a four-day hearing before a DHR administrative law judge, the filing of the instant action, and the Defendant's motions to dismiss-does not allow her to circumvent the election of remedies requirement set forth in Executive Law. In _Chachra v. Katherine Gibbs School, Inc., 828 F.Supp. 176, 178 (E.D.N.Y.1993)_, the court held that a plaintiff may not seek an administrative convenience dismissal based solely on a change in litigation strategy. Noting that the purpose of providing a plaintiff with an administrative remedy was to reduce the burdens on state and federal courts, the court stated that this purpose cannot be accomplished if parties are permitted to begin administrative proceedings and then voluntarily end them to commence law suits on identical claims. _Id_ ."[D]ismissals for administrative convenience should be limited to cases where the dismissal is truly for the convenience of the agency rather than due to a change of litigation strategy by the complainant."_Id._

The Plaintiff's self-initiated discontinuance of her DHR action was issued under Section 465.5(c) of the regulations governing DHR, as distinguished from a dismissal for administrative convenience issued under Section 465.5(e), which may only be granted "prior to the taking of testimony at a public hearing before an administrative law judge." _9 N.Y.C.R.R. § 465.5 (1999)_. A DHR complaint must be dismissed for administrative convenience in order for a complainant to bring suit before the Court. _Executive Law § 297(9)_. The Administrative Law includes an election of remedies requirement which extinguishes the Plaintiff's judicial cause of action after she has initiated proceedings before DHR. N.Y.C. Admin. Code § 8-502(a). Because Plaintiff elected to pursue her Executive Law and Administrative Code claims before the DHR and the subsequent dismissal of her action was not a dismissal for administrative convenience, this Court is without jurisdiction to hear such claims. Accordingly, Defendant's Motion to Dismiss Plaintiff's Executive Law and Administrative Law claims is granted.

B. The Constructive Discharge Claim and the Class Claims

Plaintiff further alleges that she was constructively discharged and that the Defendant discriminated against all similarly situated African-American employees, tolerated a hostile work environment for such employees, and constructively discharged other such employees in violation of Title VII. Defendant argues that these claims must be dismissed because the Plaintiff did not exhaust her administrative remedies. A complainant must file a discrimination complaint with the EEOC and receive a "Right to Sue" notice before initiating a judicial proceeding with regard to such claim. _Butts v. City of New York Dep't of Housing Preservation & Development, 990 F.2d 1397, 1401 (2d Cir.1993)_ (citing _Gomes v. Avco Corp., 984 F.2d 1330, 1332-33 (2d Cir.1992)_). Thus, any claim which the Plaintiff now wishes to pursue before the Court must have been included in the complaints filed with the EEOC and DHR, or be "reasonably related" to the claims in those administrative complaints. See_Butts, 990 F.2d at 1401_ (citing _Stewart v. INS, 762 F.2d 193, 198 (2d Cir.1985)_). Plaintiff argues that her individual constructive discharge claim should not be dismissed because it is reasonably related to the claims of discrimination and retaliation under the Executive Law and Administrative Code. (Pl.'s Reply Mem. ¶¶ 7-11.) Plaintiff does not oppose Defendant's motion to dismiss the class-wide claims for lack of subject matter jurisdiction.

*4 There are three instances in which the Second Circuit has recognized claims as reasonably related. First, a new claim is reasonably related to older claims "where the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." ' _Butts, 990 F.2d at 1402_ (quoting _Smith v. American President Lines, Ltd., 571 F.2d 102, 107 n. 10 (2d Cir.1978)_). Thus, factually dissimilar claims are not reasonably related to those

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-09456-LAK   Document 15-8   Filed 03/14/2008   Page 5 of 7

Not Reported in F.Supp.2d                                                                                               Page 4
Not Reported in F.Supp.2d, 2000 WL 122148 (S.D.N.Y.), 78 Empl. Prac. Dec. P 40,117
(Cite as: Not Reported in F.Supp.2d)

pled in the administrative complaint because the new claims cannot reasonably be expected to fall within the scope of the administrative investigation of the initial claims. *Bennett v. New York City Dep't of Corrections,* 705 F.Supp. 979, 982 (S.D.N.Y.1989). Second, claims alleging retaliation for the filing of a charge of discrimination with the EEOC are reasonably related. *Butts,* 990 F.2d at 1402. The third type of reasonably related claim is one that alleges "incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts,* 990 F.2d at 1402-03. While this type of reasonably related claim may not fall within the scope of the investigation conducted by the administrative agency because the alleged incidents may have occurred after completion of the investigation, the Second Circuit reasoned that the agency would have had the opportunity to investigate the common method of discrimination described in the reasonably related claims. *Butts,* 990 F.2d at 1403.

Plaintiff alleges that she was constructively discharged by the Defendant in September 1996. (Compl.¶ 21.) In 1995, the Defendant indicated that the Plaintiff's job was to be relocated from New York to Florida and that she would be under the supervision of one of her managers from New York, Carl Savoia. (Wiley Aff. ¶ 11.) Mr. Savoia is one of the individuals who allegedly retaliated against the Plaintiff in 1992 because DHR found that there was "probable cause" to determine that the Defendant discriminated against the Plaintiff in violation of the Executive Law and Administrative Code. (Wiley Aff. ¶ 7.) The Plaintiff allegedly complained about Mr. Savoia's retaliation to the Defendant's Human Resources Department and received no substantive response. (Wiley Aff. ¶ 8.) The Plaintiff argues that the Defendant knew that she would be unable to work directly for Mr. Savoia and that the Defendant effectively forced her to resign her employment by compelling her to relocate to Florida under Mr. Savoia. (Wiley Aff. ¶¶ 11-14.)

The 1995 constructive discharge claim falls well beyond the scope of the DHR investigation of events that took place in 1990 and 1992. The Plaintiff had already filed a retaliation complaint with DHR and does not allege that her constructive discharge was directly a result of the complaints filed with EEOC and DHR. Finally, the Plaintiff alleges factually distinct discriminatory practices in her constructive discharge claim that would require an investigation of events differing in time and nature from the DHR investigations of the two original complaints. Thus, Plaintiff's constructive discharge claim is not reasonably related to her earlier claims and is accordingly dismissed for lack of subject matter jurisdiction.

*5 Plaintiff does not oppose defendant's motion to dismiss the class-wide claims for lack of subject matter jurisdiction. Those class-wide claims cannot be attached to the individual claims pled in the administrative complaint because the individual claims do not provide either the EEOC or Defendant with notice of the extent of the allegations or the type of conciliation necessary to address the broad grievance. *SeeTolliver v. Xerox Corp.,* 918 F.2d 1052, 1058-59 (2d Cir.1990) (holding that claims of a decertified class filed with the EEOC exhausts the administrative remedies of individual members of the class). Thus, plaintiff's class-wide claims of discrimination, hostile environment, and constructive discharge under Title VII are dismissed for lack of subject matter jurisdiction.

C. The Section 1981 Claims

1. Contractual Relations Between an At-will Employee and Employer

The Plaintiff alleges that she was deprived of her right to make and enforce a contract for employment with the Defendant because of its discriminatory practices in violation of Section 1981. (Wiley Aff. ¶¶ 1-5.) Defendant argues that the Plaintiff fails to make a *prima facie* case under Section 1981 because she has no contractual relationship with the Defendant. Plaintiff argues that she is not an at-will employee and has an implied contractual relationship with the Defendant. (Pl.'s Rely Mem. ¶ 14; Wiley Aff. ¶¶ 1-3.)

Section 1981 provides that "[a]ll persons ... shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens."42 U.S.C. § 1981(a). Following the Supreme Court's decision in *Patterson v. McLean Credit Union,* 491 U.S. 164 (1989),[FN2] Congress amended Section 1981 to include a broad definition of the term "make and enforce contracts" that "includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, terms,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-09456-LAK    Document 15-8    Filed 03/14/2008    Page 6 of 7

Not Reported in F.Supp.2d                                                                                    Page 5
Not Reported in F.Supp.2d, 2000 WL 122148 (S.D.N.Y.), 78 Empl. Prac. Dec. P 40,117
(Cite as: Not Reported in F.Supp.2d)

and conditions of the contractual relationship."42 U.S.C. § 1981(b). Contrary to Plaintiff's argument, due to the absence of any express employment contract, it appears that she is an at-will employee. The Second Circuit has yet to determine whether an at-will employee has a cause of action under Section 1981.[FN3] Several district courts in the Southern District of New York have recently followed the Fifth Circuit's reasoning in *Fadeyi v. Planned Parenthood Association of Lubbock, Inc.*, 160 F.3d 1048, 1049-52 (5th Cir.1998), in holding that an at-will employee has a contractual relationship with an employer to perform certain functions in exchange for compensation and, therefore, may sustain a cause of action under Section 1981. *Andrews v. Citigroup Inc. et al.*, 1999 WL 1277427, at *4-5 (S.D.N.Y.1999); *Hartzog v. Reebok International Ltd.*, 1999 WL 1216683 at *1-2 (S.D.N.Y.1999); *Equal Employment Opportunity Commission v. Die Fliedermaus, L.L.C. et al.*, 1999 WL 1204548 (S.D.N.Y.1999); *but see Bascomb v. Smith Barney Inc. et al.*, 1999 WL 20853 (S.D.N.Y.1999) (holding that an at-will employee has no contractual relationship with employer and thus may not sustain a Section 1981 cause of action). Absent a contrary determination by the Second Circuit, the Court agrees with the reasoning of the Fifth Circuit in *Fadeyi* and holds that the Plaintiff, an at-will employee with no express employment contract, may nevertheless make out a *prima facie* case under Section 1981.

> FN2. The *Patterson* Court narrowed the application of Section 1981 so that it does not cover racial harassment by an employer after the inception of the employment relationship. 491 U.S. at 179.
>
> FN3. This question is currently pending before the Second Circuit. *See Lauture v. IBM*, 98 Civ. 4882 (S.D.N.Y. May 25, 1999), appeal docketed, 99-7732 (2d Cir. Jun. 21, 1999).

2. Statute of Limitations

a. Events Prior to February 16, 1995

*6 Plaintiff's original complaints of discriminatory failure to promote and retaliation were substantiated by events that took place prior to May 6, 1992, when Plaintiff filed her retaliation complaint with DHR, (Wiley Aff. ¶¶ 4-9). Defendant argues that Plaintiff's allegations pre-dating February 16, 1995 would be time-barred due to the statute of limitations applicable to causes of action under Section 1981. Plaintiff does not contest this argument.

"Section 1981 employment discrimination claims brought in New York are subject to that state's three-year statute of limitations."*Wilson v. Fairchild Republic Co., Inc.*, 143 F.3d 733, 738 n. 5 (2d Cir.1998). Administrative exhaustion of a discrimination claim does not toll the applicable statute of limitations because Section 1981 is a remedy against discrimination in private employment separate and distinct from Title VII.[FN4] *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463-66. Thus, Plaintiff's allegations of discriminatory practices taking place before February 16, 1995 are time-barred because of New York's three-year statute of limitations.

> FN4. The *Johnson* Court's reasoning would also apply to state and local anti-discrimination laws, such as the Executive Law and Administrative Code in the instant case, that follow or substitute for the administrative scheme set out under Title VII under inter-governmental work sharing agreements.

b. Events Subsequent to February 16, 1995

It is less clear whether any events substantiating a violation under Section 1981 took place on or after February 16, 1995.[FN5] For this reason, the Court grants Plaintiff leave to amend her complaint, so that she may clearly set out the specific facts, if any, underlying alleged violations of Section 1981 that occurred on or after February 16, 1995. *See* Fed.R.Civ.P. 15(a); *Cohen v. Citibank*, 1997 WL 88378, at *2 (S.D.N.Y.1997); *Protter v. Nathan's Famous Sys., Inc.*, 904 F.Supp. 101, 111 (E.D.N.Y.1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). With regard to any amendment, Plaintiff is cautioned against perfunctory substantive or cosmetic changes.[FN6] Absent such good faith amended complaint, there shall be no remaining causes of action, and this case shall be dismissed.

> FN5. While it is clear that Plaintiff resigned in September 1996, the events substantiating

Not Reported in F.Supp.2d                                                                                           Page 6
Not Reported in F.Supp.2d, 2000 WL 122148 (S.D.N.Y.), 78 Empl. Prac. Dec. P 40,117
**(Cite as: Not Reported in F.Supp.2d)**

the constructive discharge are alleged to have occurred at some unspecified time in 1995. (Wiley Aff. ¶ 11.)

FN6. The Court notes with approval Judge Leisure's thoughtful comments in *Spier v. Erber,* 1990 WL 71502, at n. 8 (S.D.N.Y.1990):

[I]t has become an all too common practice for litigants granted leave to replead to make only minor changes in the original complaint ... prompting a second motion to dismiss. An amended complaint which fails to replead with sufficient particularity after a finding of lack of specificity may well be regarded by the Court as a frivolous filing in violation of Fed.R.Civ.P. 11. Conversely, a renewed Rule 9(b) motion [to dismiss] after an adequate and thorough repleading can also be viewed as frivolous.

While Judge Leisure's comments are specifically directed at repleading a fraud claim, failure to replead adequately any cause of action may subject a party to Rule 11 sanctions. *See, e.g.,Corren v. New York Univ.,* 1987 WL 28640, at n. 3 (S.D.N.Y.1987) (party repleading claim under Clean Air Act subject to Rule 11 sanctions). In the event that Plaintiff files an amended complaint that is insufficiently pled or not in accord with this Court's decision, the Court may, on motion, take appropriate action.

### IV. CONCLUSION

For the foregoing reasons, the Defendant's motions to dismiss Plaintiff's individual and class-wide claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e*et seq.,* the New York State Human Rights Law, Executive Law §§ 296*et seq.,* and the New York City Administrative Code §§ 8-107 and 8-502 are GRANTED. The Defendant's motion to dismiss all claims under Section 1981 is GRANTED, insofar as it is addressed to events on or before February 16, 1995. Plaintiff may amend her complaint to replead with specificity any Section 1981 claims that are not time-barred, within 30 days of the date of this Order. Failure to amend within that time period shall constitute a waiver of the leave to amend. There shall be no extensions.

SO ORDERED.

S.D.N.Y.,2000.
Wiley v. Citibank, N.A.
Not Reported in F.Supp.2d, 2000 WL 122148 (S.D.N.Y.), 78 Empl. Prac. Dec. P 40,117

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.