UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JUNE BENNETT, JOCELYN McCALLA
and JUAN VILLALON

               Plaintiff,

-against-

KINGSBRIDGE HEIGHTS CARE CENTER,

               Defendant(s).
---------------------------------------------------------------x

Index No.: 07-CV-09456-LAK

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

Kingsbridge Heights Care Center, (the "Center" of "Defendant"), located at 3400-26 Cannon Place, Bronx, New York, by the through its attorney, Paul M. Sod, Esq., 337R Central Avenue, Lawrence, New York 11559, answers the Amended Complaint (the "Amended Complaint") of plaintiffs June Bennett ("Plaintiff Bennett"), Jocelyn McCalla ("Plaintiff McCalla"), and Juan Villalon ("Plaintiff Villalon") (collectively referred to herein as the "Plaintiffs") as follows:

**I.**

**PRELIMINARY STATEMENT**

1.    Avers that the allegations contained in paragraph 1 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 1 contains factual allegations, Defendant denies the allegations contained in paragraph 1, except admits that Plaintiffs purport to bring claims under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §2000e *et. seq.*, The Civil Rights Act of 1866, as amended, (§1981"), 42 U.S.C. (§1981 *et. seq.*, The Age of Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. §621 *et. seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. Law §290 *et seq.*, the New York City Human Rights Law

("NYCHRL"), N.Y.C. Admin. Code §§8-107 et seq., and other rules, regulations, statutes and ordinances.

## II.

## JURISDICTION AND VENUE

2. Avers that the allegations contained in paragraph 2 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 2 contains factual allegations, Defendant denies the allegations contained in paragraph 2 of the Amended Complaint, except admits that Plaintiffs allege that jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3. Avers that the allegations contained in paragraph 3 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding the forgoing, to the extent paragraph 3 of the Amended Complaint, except admits that Plaintiffs allege that jurisdiction concerning all state law claims is proper pursuant to 28 U.S.C. § 1367.

4. Avers that the allegations contained in paragraph 4 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 4 contains factual allegations, Defendant denies the allegations contained in paragraph 4 of the Complaint, except admits that Plaintiffs allege that venue is proper pursuant to 28 U.S.C. § 1381.

5. Avers that the allegations contained in paragraph 5 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 5 contains factual allegations, Defendant denies the allegations contained in paragraph 5 of the Amended Complaint,

except admits that Plaintiffs allege that this Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Avers that paragraph 6 of the Amended Complaint contains Plaintiffs' description of the action, to which no response is required.

## III.

## PARTIES

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations related to the location of Plaintiff Bennett's place of citizenship or residence.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations related to the location of Plaintiff McCalla's place of citizenship or residence.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations related to the location of Plaintiff Villalon's place of citizenship or residence.

10. Admits each and every allegation in paragraph 10 of the Amended Complaint.

11. Admits each and every allegation in paragraph 11 of the Amended Complaint.

12. Admits each and every allegation in paragraph 12 of the Amended Complaint.

13. Admits each and every allegation in paragraph 13 of the Amended Complaint.

14. Admit the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

15. Admit the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

## IV.

## STATEMENT OF FACTS

### Discrimination and Retaliation Against Plaintiff Bennett On the Basis of Her Race, Color and National Origin

16. Incorporates the responses made to paragraph 1-15 of the Amended Complaint as if fully set forth herein.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff Bennett's national origin, and admits on or about June 22, 1998, Defendant hired Plaintiff Bennett as a Certified Nursing Assistant.

18. Denies each and every allegation contained in paragraph 18.

19. Denies each and every allegation contained in Paragraph 19 of the Amended Complaint except admits that on or about May 24, 2006, Defendant terminated Plaintiff Bennett.

20. . Denies each and every allegation set forth in paragraph 20 .

    (a)    Admits each and every allegation set forth in paragraph 20 a).

    (b)    Admits each and every allegation set forth in paragraph 20 (b).

    (c)    Denies each and every allegation set forth in paragraph 20 (c) of the Amended Complaint and avers that the police report speaks for itself.

    (d)    Denies each and every allegation set forth in paragraph 20 (d) of the Amended Complaint.

    (e)    Denies each and every allegation set forth in paragraph 20 (e) of the Amended Complaint.

(f) Denies each and every allegation set forth in paragraph 20 (f) of the Amended Complaint.

(g) Admits every allegation set forth in paragraph 20(g) of Plaintiff's Amended Complaint.

(h) Denies each and every allegation set forth in paragraph 20(h) of Plaintiff's Amended Complaint.

21. Avers that the allegations contained in paragraph 21 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 21 contains factual allegations, Defendant denies each and every allegation contained in paragraph 21.

**Discrimination and Retaliation Against Plaintiff McCalla
On the Basis of Her Age, Race, Color and National Origin**

22. Incorporates the responses made to paragraphs 1-21 of the Amended Complaint as if fully set forth herein.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff McCalla's national origin, age and date of birth, and avers that on or about December 9, 2004, Defendant hired Plaintiff McCalla as a Certified Nursing Assistant.

24. Denies each and every allegation contained in paragraph 24 of the Amended Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Amended Complaint except, admits that on or about May 24, 2006, Defendant terminated Plaintiff McCalla.

26. Denies each and every allegation contained in paragraph 26 of the Amended Complaint.

(a) Admits each and every allegation contained in paragraph 26 (a) of the Amended Complaint.

(b) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 (b) of the Amended Complaint.

(c) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 (c) of the Amended Complaint.

(d) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 (d) of the Amended Complaint.

(e) Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 (e) of the Amended Complaint.

27.. Avers that the allegations contained in paragraph 27 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 27 contained factual allegations, Defendant denies the allegations contained in paragraph 27 .

**Discrimination and Retaliation Against Plaintiff Villalon
On the Basis of Her Age, Race, Color and National Origin**

28.. Incorporates the responses made to paragraph 1-27 of the Amended Complaint as if fully set forth herein.

29.. Denies knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff Villalon's national origin, and avers that on or about June 29, 1990, Defendant hired Plaintiff Villalon as a Dietary Worker.

30.. Denies each and every allegation contained in paragraph 30 of the Amended Complaint.

31. Denies each and every allegation contained in paragraph 31 except, admitted that on or about May 24, 2006, Defendant terminated Plaintiff Villalon.