32.     Denies each and every allegation contained in paragraph 32 of the Amended Complaint.

    (a)     Admits each and every allegation set forth in paragraph 32 (a).

    (b)     Admits each and every allegation contained on paragraph 32 (b) of the Amended Complaint.

    (c)     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 (c) of the Amended Complaint.

    (d)     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32(d) of the Amended Complaint

    (e)     Denies each and every allegation contained in paragraph 32 (e) of the Amended Complaint.

    (f)     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 (f) of the Amended Complaint.

    (g)     Denies each and every allegation contained in paragraph 32 (g) of the Amended Complaint.

    (h)     Denies each and every allegation contained in paragraph 32(h) of the Amended Complaint.

    (i)     Denies each and every allegation contained in paragraph 32(i) of the Amended Complaint.

33..     Avers that the allegations contained in paragraph 33 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 33 contains factual allegations, Defendant denies the allegations contained in paragraph 33 of the Amended Complaint.

**Failure to Notify Plaintiffs Bennett, McCalla and Villelon of the Right to Elect Continuation of Coverage**

34.  Incorporates the responses made to paragraphs 1-33 of the Amended Complaint as if fully set forth herein.

35.  Admits each and every allegation contained in paragraph 35 of the Amended Complaint.

36.  Avers that the allegations contained in paragraph 36 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 36 contains factual allegations, Defendant denies the allegations in paragraph 36 of the Amended Complaint.

37.  Avers that the allegations contained in paragraph 37 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 37 contains factual allegations, Defendant denies the allegations in paragraph 37 of the Amended Complaint.

38.  Denies the factual allegations in paragraph 38 of the Amended Complaint, and to the extent that said paragraph 38 incorporates assertions of law, Defendant makes no response and refers said assertions to the court.

V.

**CLAIMS FOR RELIEF**
**AS AND FOR THE FIRST SECOND AND THIRD CAUSES OF ACTION**
**(Race, Color and National Origin Discrimination as to**
**Plaintiff Bennett under § 1981, the NYSHRL AND NYCHRL)**

39.  Incorporates the responses made to paragraphs 1-38 of the Amended Complaint as if fully set forth herein.

40.  Avers that the allegations contained in paragraph 40 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding

the foregoing, to the extent paragraph 40 contains factual allegations, Defendant denies the allegations contained in paragraph 40 of the Amended Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Amended Complaint.

43. Avers that the allegations contained in paragraph 43 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 43 contains factual allegations, Defendant denies the allegations contained in paragraph 43 of the Amended Complaint.

**AS AND FOR THE FOURTH AND FIFTH CAUSES OF ACTION**
**(Race, Color Discrimination as to Plaintiffs McCalla and Villalon under § 1981, the NYSHRL AND NYCHRL)**

44. Incorporates the responses made to paragraphs 1-43 of the Amended Complaint as if fully set forth herein.

45. Avers that the allegations contained in paragraph 45 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 45 contains factual allegations, Defendant denies the allegations contained in paragraph 45 of the Amended Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Amended Complaint.

47. Denies each and every allegation contained in paragraph 47 of the Amended Complaint.

48. Avers that the allegations contained in paragraph 48 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding

the foregoing, to the extent paragraph 48 contains factual allegations, Defendant denies the allegations contained in paragraph 48 of the Amended Complaint.

49. Incorporates the responses made to paragraphs 1-48 of the Amended Complaint as if fully set forth.

## AS AND FOR THE SIXTH CAUSE OF ACTION
(National Origin Discrimination as to Plaintiffs McCalla and Villalon under § 1981, the NYSHRL AND NYCHRL)

50. Avers that the allegations contained in paragraph 50 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 50 contains factual allegations, Defendant denies the allegations contained in paragraph 50 of the Amended Complaint.

51. Denies each and every allegation contained in paragraph 51 of the Amended Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Amended Complaint.

53. Avers that the allegations contained in paragraph 53 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 53 contains factual allegations, Defendant denies the allegations contained in paragraph 53 of the Amended Complaint

## AS AND FOR THE SIXTH CAUSE OF ACTION
(Age Discrimination as to Plaintiff McCalla under the ADEA, NYSHRL AND NYCHRL)

54. Incorporates the responses made to paragraphs 1-53 of the Amended Complaint as if fully set forth herein.

55. Avers that the allegations contained in paragraph 55 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding

56. Denies each and every allegation contained in paragraph 55 of the Amended Complaint, to the extent paragraph 55 contains factual allegations, Defendant denies the allegations contained in paragraph 55 of the Amended Complaint.

57. Denies each and every allegation contained in paragraph 56 of the Amended Complaint.

58. Avers that the allegations contained in paragraph 57 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 58 contains factual allegations, Defendant denies the allegations contained in paragraph 58 of the Amended Complaint

### AS AND FOR THE EIGHTH CAUSE OF ACTION
### (Retaliation as Plaintiffs Bennett and Villalon under Title VII, § 1981, the NYSHRL AND NYCHRL)

59. Incorporates the responses made to paragraphs 1-58 of the Amended Complaint as if fully set forth herein.

60. Avers that the allegations contained in paragraph 60 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 60 contains factual allegations, Defendant denies the allegations contained in paragraph 60 of the Amended Complaint.

61. Denies each and every allegation contained in paragraph 61 of the Amended Complaint.

62. Denies each and every allegation contained in paragraph 62 of the Amended Complaint.

63. Avers that the allegations contained in paragraph 63 of the Amended Complaint state a legal conclusion, to which no response is required. Notwithstanding

the foregoing, to the extent paragraph 63 contains factual allegations, Defendant denies the allegations contained in paragraph 63 of the Amended Complaint

### AS AND FOR THE NINTH CAUSE OF ACTION
(Failure to Notify Plaintiffs Bennett, McCalla and Villalon of their rights to Elect Continuation of Coverage under COBRA

64. Incorporates the responses made to paragraphs 1-63 of the Amended Complaint as if fully set forth herein.

65. Denies each and every allegation contained in paragraph 65 of the Amended Complaint.

66. Denies each and every allegation contained in paragraph 66 of the Amended Complaint.

67. Denies each and every allegation contained in paragraph 67 of the Amended Complaint and to the extent that paragraph 67 alleges legal conclusions, defendant make no response thereto and refers said legal conclusions to the court.

### VI.
### PLAINTIFFS' DEMAND FOR A JURY TRIAL

68. Incorporates the responses made to paragraphs 1-67 of the Amended Complaint as if fully set forth herein.

69. Admits that Plaintiffs demand a trial by jury in this action.

### VII.
### PRAYER FOR RELIEF

Denies each and every allegation contained in the Wherefore clause of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are barred, in part or in whole, by the equitable doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' claims are barred, in part or in whole, by the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs have failed to mitigate their damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

6. To the extent Plaintiffs have suffered any emotional distress, it was caused by events or conduct unrelated to the conduct alleged in the Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs' alleged damages are barred to the extent they exceed the relief available under any statute made the basis of this lawsuit.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs' claims are barred, in part or in whole, by the equitable doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiffs' claims are barred to the extent Plaintiff failed to satisfy the required administrative prerequisites to filing this action.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs' claims for punitive damages are barred, in part or in whole, because any conduct or statements that were made were made in good faith, honestly and without malice.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs' federal claims are barred to the extent that they relate to allegations not asserted in the Charge filed with the EEOC.

WHEREFORE, Defendant Kingsbridge Heights Rehabilitation Care Center seeks judgment against Plaintiffs:

(a) Dismissing the entire Amended Complaint against it with prejudice;

(b) Awarding Defendant its costs and disbursements associated with this action, including reasonable attorneys' fees; and

(c) Awarding Defendant such other and further relief as this Court deems just and proper.

Dated: Lawrence, New York
May 9, 2008

Respectfully submitted,

Paul M. Sod
*Attorney for Defendant Kingsbridge Heights Rehabilitation Care Center*
337R Central Avenue
Lawrence, NY 11559
(516) 295-0707