# FRANK & ASSOCIATES, P.C.

──────────── ATTORNEYS AT LAW ────────────

**500 Bi-County Boulevard, Suite 112N • Farmingdale, New York 11735**
**Tel: (631) 756-0400 • Fax: (631) 756-0547**
**E-Mail: nfrank@laborlaws.com**

**Neil M. Frank**

September 8, 2008

## VIA ECF AND OVERNIGHT MAIL

Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**   *June Bennett et al. v. Kingsbridge Heights Rehab. Care Center*
        *07-CV-09456*

Dear Judge Kaplan:

This firm represents Plaintiffs June Bennett, Jocelyn McCalla and Juan Villalon in the above-referenced action. I write pursuant to Your Honor's motion rules and procedures, to respectfully request a pre-motion conference to address a dispute that has arisen between the parties relating to discovery.

Plaintiffs allege in this action that they were subject to discriminatory discharge because of their race and in retaliation for their opposition to alleged discriminatory practices at Kingsbridge Heights Care Center.   Defendant asserts that the adverse actions taken against Plaintiffs were motivated by a legitimate, non-discriminatory reason. Specifically, Defendant claims that Plaintiffs were terminated because they threatened and harassed another employee, Janice LaMarche.  Plaintiffs deny that they threatened or harassed LaMarche and contend that Defendant's explanation is pretextual.   In fact, Plaintiffs assert that they never met LaMarche, and that LaMarche did not begin working at Kingsbridge until after the date on which they are alleged to have harassed her.

Accordingly, Plaintiffs served Defendant with a request pursuant to Fed.R.Civ.P. 34 for the production of documents relating to the claims and defenses in this action, including, but not limited to, documents relating to communications between Defendant and LaMarche; the personnel file of LaMarche; Defendant's investigatory file concerning LaMarche's alleged complaints against Plaintiffs'; documents relating to the demographics of Defendant's workforce; and any photographs or recordings that depict Plaintiffs threatening or harassing LaMarche. (See Ex. A, Doc. Req. Nos. 3, 5, 12, 28 and 37; Ex. B, Supp. Doc. Req. Nos. 5,6,7, and 10).

────────────────────────────────────────

**~ Employment, Labor Relations and Benefits Litigation ~**

# FRANK & ASSOCIATES, P.C.

Hon. Lewis A. Kaplan
September 8, 2008
Page 2

Plaintiffs received Defendant's response to the requests for documents on September 3, 2008.  Upon review, it was clear that Defendant did not provide any documents relating to the alleged incident involving LaMarche.  Plaintiffs' counsel attempted to resolve the issue in good faith, and without resort to motion practice, by sending a letter to Defendant's counsel, by facsimile and regular mail, requesting that Defendant provide more complete responses to Plaintiffs' requests (Ex. C).

Counsel also conferred with Defendant's attorney, Paul M Sod, Esq., by telephone. Defendant refuses to provide documents relating to the alleged incident between Plaintiffs and LaMarche, her personnel file, and other documents, because it claims that the documents are confidential, and that production would infringe upon privacy, and/or threaten the safety, of its employees (See Def. Resp. to Plaintiff's Doc. Req. attached at Ex. D).  During our telephone conversation, I proposed to Defendant's counsel that the parties enter into a comprehensive confidentiality agreement, which would specify precisely how confidential documents will be treated both during and after the pendency of this litigation.  Defendant has refused to supplement its production, however, notwithstanding my offer to enter into such an agreement.

The documents that Plaintiffs seek are relevant and material to the claims and defenses in this action.  Without any of the documents relating to the alleged complaints that Plaintiffs threatened or harassed LaMarche, they will be unable to demonstrate that Defendant's stated reason for their discharge was pretextual.  Plaintiffs require the personnel file in order to conduct a meaningful deposition of LaMarche, to test the veracity and reliability of any allegations that she made against the Plaintiffs, and to impeach her credibility at trial.  Documents relating to the communications between Defendant and LaMarche concerning the alleged harassment are necessary because Defendant claims that these communications were the basis for its decision to terminate Plaintiffs' employment. Documents showing the demographics of Defendant's workforce are relevant to Plaintiffs' claims of disparate treatment.  Statistical evidence regarding an employer's general practices may be used to rebut the employer's non-discriminatory explanation for its adverse actions.

Simply stated, the documents that Plaintiffs seek are necessary to develop relevant and material facts, and Defendant's concern for the privacy of its employees can be adequately addressed by a protective order or stipulation of confidentiality.  Accordingly, Plaintiffs respectfully request authorization to file a motion pursuant to Fed.R.Civ.P. 37 to compel Defendant's response to Plaintiffs' requests for the production of documents, or in the alternative, a telephone conference to resolve the issues raised herein.

**FRANK & ASSOCIATES, P.C.**

Hon. Lewis A. Kaplan
September 8, 2008
Page 3


*Respectfully submitted,*

**FRANK & ASSOCIATES, P.C.**

Peter A. Romero


Attach


cc:    Paul M. Sod, Esq. *via* ECF

# EXHIBIT A

Peter A. Romero (PR-1658)
FRANK & ASSOCIATES, P.C.
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
(631) 756-0400

*Attorneys for Plaintiffs*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JUNE BENNETT, et al.,

                    Plaintiffs,          07-CV-9456 (LAK)

        -against-                        **PLAINTIFFS' FIRST REQUEST
                                         FOR THE PRODUCTION
                                         OF DOCUMENTS**

KINGSBRIDGE HEIGHTS REHAB. CARE
CENTER,

                    Defendant.
-----------------------------------------------------X

        PLEASE TAKE NOTICE, that pursuant to Rules 26 and 34 of the Federal Rules

of Civil Procedure, the plaintiffs demand that the defendant herein produce and permit

plaintiff to inspect and copy the documents designated below, at the offices of Frank &

Associates, P.C., 500 Bi-County Blvd., 112N, Farmingdale, New York 11735, within

thirty (30) days of service of these document requests.

### DEFINITIONS

        1.      Unless specifically indicated otherwise, the following definitions are applicable

throughout this document and are incorporated into each Document Demand.

        2.      The term "document" shall be given the broadest meaning contemplated by Rule

34 of the Federal Rules of Civil Procedure and shall include all kinds of writings, including but

not limited to the original or draft of any kind of written or graphic matter in any medium, however or by whomever produced or reproduced, of any kind or description, whether sent or received or neither and all copies thereof which are different in any way from the original (whether by receipt stamps, notation, indication of copy sent or received or otherwise), regardless of whether designated "confidential," "privileged", or otherwise, and including without limitation, any paper, book, periodical, circular, pamphlet, notice, statement, notepad, diagram, account, photograph, blueprint, drawing, agreement, contract, questionnaire, calendar, diary, memorandum, advertising material, message, letter, postcard, telegram, facsimile communication, object, report, record, telephone record, transcript, study, note, notation, working paper, schedule, itinerary, intra-office communication,, e-mail message, communication sent or received via modem, inter-office communication, personal interview, chart, minute, index sheet, computer software, check, check stub, delivery ticket, bill, bill of lading, invoice, data sheet, flow sheet, price list, purchase order, receipt, quotation, bulletin, circular, manual, summary, graph or other data compilations from which information may be obtained, notation or recording of telephone or other conversation, or of interviews, or of conferences or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which you have or have had access to or of which you have knowledge. If such data compilations or documents are contained on magnetic disks, tapes, or other media not readable by the human eye, the relevant portions of such compilations shall be translated through computers or other such detection or reading devices into printed form.

3.    The term "person" means the plural as well as the singular and includes any natural person, governmental unit or entity, partnership, firm, corporation, association, joint venture, trust, or any other form of organization or legal entity.

4.      The term "Communication" means every manner of transmitting and receiving facts, information, opinions and thoughts, whether orally, by documents, writing or copy thereof or otherwise.

5.      The term "Concerning" means relating to, referring to, describing, evidencing, showing, or constituting.

6.      The term "Referring to" and "arising out of" and its cognates mean summarizing, commenting upon, describing, digesting, reporting, listing, analyzing, studying, discussing, comprising or resulting from the subject matter identified in a request.

7.      The term "You" and "your" mean Defendants and their agents, attorneys, representatives, employees, or other persons acting on Defendants' behalf.

8.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.      The term "all" shall mean "any and all"; the term "each" shall mean "each and every."

10.      The use of the singular form of any word includes the plural and vice versa.

11.      "Defendant" shall mean the entities named in the caption of the Complaint, or any agent, employee or representative, including without limitation attorney thereof, investigator, or other person or entity who are in possession of or who may have obtained information for or on behalf of Defendants.

## INSTRUCTIONS

12.    You are to produce all documents referred to or described below which are in your possession, custody or control, within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure.

13.    These requests for documents shall be as broadly construed as possible to include all documents that may conceivably fall within their scope. The specificity of any request for documents shall not be construed to limit the generality of any other request. Whenever appropriate, the singular form of a word shall be interpreted in the plural, and the plural in the singular.

14.    All requested documents shall be produced within 30 days of the date of this request at the offices of Frank & Associates, P.C., 500 Bi-County Blvd., 112N, Farmingdale, New York 11735.

15.    You are to produce the original of each requested document together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be produced in lieu thereof.

16.    All requested documents shall be produced either as they are kept in the normal course of business, or organized and labeled to correspond to the categories requested.

17.    This request for documents is continuing in nature, so that if responsive documents come to your attention after your response, your response should be timely supplemented to include such documents.

18.    If you withhold any document on a claim or privilege or work product, then describe the type of document being withheld, its date, the identity of its author, its subject matter, its current location, and the specific grounds for withholding the document.

19.    Where a request requires the production of documents, the original shall be produced unless it is not in your custody.  If copies are all that is available, the reverse side of each such document shall be copied unless it is completely blank.  All copies that are non-identical to the original should be produced along with the original.

20.    All documents must be produced in their original file folders, binders, or other covers unless that is not possible.  Whenever a document or group of documents is taken out of a file folder, cover, file drawer, file box or notebook before the same is produced, attach thereto a copy of the label of the file folder, binder, cover, file drawer, file box or notebook from which the document or group of documents was removed.

21.    If any document requested was formerly in the possession, custody, or control of Defendant(s) and has been lost or destroyed, Defendant is requested to submit, in lieu of each such document, a written statement which:

a.    describes in detail the nature of the document and its contents

b.    identifies the person who prepared or authorized the document

c.    specifies the date on which the document was lost or destroyed, and if destroyed, the contents and the identity of the person requesting and performing the destruction.

## DOCUMENTS REQUESTED

1.      Produce the chart reflecting the demographics of terminated employees identified and described in the August 3, 2007 Preliminary Conference Submission, submitted by Kingsbridge Heights Rehabilitation Care Center to the New York State Division of Human Rights.

2.      Produce all documents that evidence, reflect, summarize and/or describe communications between Chief Executive Officer Helen Seiger and the employees who allegedly complained that they had been threatened and/or harassed by Plaintiffs.

3.      Produce all documents that evidence, reflect, summarize and/or describe communications between Defendant's Director of Operations, Solomon Ruttenberg, and the employees who allegedly complained that they had been threatened and/or harassed by Plaintiffs.

4.      Produce all documents that evidence, reflect, summarize and/or describe communications between Defendant's Director of Activities, Irina Volinsky, and the employees who allegedly complained that they had been threatened and/or harassed by Plaintiffs.

5.      Produce all documents that show the identity of "Jane Doe, Employee," listed as a prospective witness by Kingsbridge Heights Rehabilitation Care Center in its August 3, 2007 Preliminary Conference Submission to the State Division of Human Rights.

6.      Produce all documents that evidence, reflect, summarize and/or describe communications between Defendant and/or Defendant's agents and the National Labor Relations Board concerning or relating to Plaintiffs' termination of employment.

7.      Produce all documents that summarize and/or describe the NLRB investigation of Plaintiffs' complaints.

8.      Produce all documents that summarize and/or describe the NLRB Investigator's interviews with employees who were allegedly threatened and/or harassed by Plaintiffs.

9.      Produce all documents that summarize and/or describe the NLRB's determination that Defendant terminated Plaintiffs for legitimate business reasons.

10.     Produce all documents that show the race of persons hired and terminated by Defendant for the five-year period preceding the events giving rise to this suit until present.

11.     Produce all police reports relating to Plaintiffs' alleged threats against and/or harassment of Defendant's employees, including but not limited to, Police Report number 2673 filed at the 50th Precinct.

12.     Produce the personnel file of Janice Lamarche, including but not limited to application for employment, letter of interest, résumé, personnel documents, human resources records, medical notes, performance evaluations, disciplinary actions, records of salary changes, and training records, job descriptions or assignments, records of payroll and benefits and severance package, I-9s, records of seniority status, records of union membership or participation, records of shift changes, and applications for promotion or transfer.

13.     Produce the personnel file of Plaintiff Juan Villalon, including but not limited to application for employment, letter of interest, résumé, personnel documents, human resources records, medical notes, performance evaluations, disciplinary actions,

records of salary changes, and training records, job descriptions or assignments, records of payroll and benefits and severance package, I-9s, records of seniority status, records of union membership or participation, records of shift changes, and applications for promotion or transfer.

14.    Produce the personnel file of June Bennett including but not limited to application for employment, letter of interest, résumé, personnel documents, human resources records, medical notes, performance evaluations, disciplinary actions, records of salary changes, and training records, job descriptions or assignments, records of payroll and benefits and severance package, I-9s, records of seniority status, records of union membership or participation, records of shift changes, and applications for promotion or transfer.

15.    Produce the personnel file of Jocelyn McCalla, including but not limited to application for employment, letter of interest, résumé, personnel documents, human resources records, medical notes, performance evaluations, disciplinary actions, records of salary changes, and training records, job descriptions or assignments, records of payroll and benefits and severance package, I-9s, records of seniority status, records of union membership or participation, records of shift changes, and applications for promotion or transfer.

16.    Produce Juan Villalon's NLRB charge.

17.    Produce Jocelyn McCalla's NLRB charge.

18.    Produce the NLRB dismissal letter.

19.    Produce the decision of the NLRB affirming dismissal of Plaintiffs' charges.

20.    Produce the affidavit of Juan Villalon submitted to the NLRB.

21.    Produce the affidavit of Jocelyn McCalla submitted to the NLRB.

22.    Produce Juan Villalon's termination notice.

23.    Produce Jocelyn McCalla's termination notice.

24.    Produce all documents that refer or relate to communication between you or your employees, agents, or representatives, with respect to Juan Villalon within the five-year period preceding the events giving rise to this suit until present.

25.    Produce all documents that refer or relate to communication between you or your employees, agents, or representatives, with respect to June Bennett within the five-year period preceding the events giving rise to this suit until present.

26.    Produce all documents that refer or relate to communication between you or your employees, agents, or representatives, with respect to Jocelyn McCalla within the five-year period preceding the events giving rise to this suit until present.

27.    Produce all documents that contain, refer or relate, in any way, to statements made by any of Plaintiffs' supervisors and/or managers, or any of your representatives, servants, agents and/or employees, regarding any facts or events relevant to the termination of Plaintiffs' employment.

28.    Produce all  documents that relate or refer to the incidents leading up to Plaintiffs' termination of employment.

29.    All documents or communications that refer or relate in any way to your dissemination of Plaintiffs' termination, including meetings conducted with staff, notices posted, responses made to employment inquiries, responses made to applications for unemployment insurance benefits, administrative agency reports, union notices,

comments to coworkers explaining the reason for Plaintiffs' discipline and/or termination, responses to reference requests by prospective employers, statements made in internal company memoranda, performance appraisals or personnel file documents, and investigation efforts.

30.    Produce company organizational and policy information in its entirety, including but not limited to organizational charts and structure, budgetary divisions, organization purpose, places of business, principal place of business, corporate affiliations, corporate policy and procedure manuals, policy memoranda, and all names under which it does business within the five-year period preceding the events giving rise to this suit until present.

31.    Produce all documents that relate or refer to Defendant's reporting relationships and chains of command within the five-year period preceding the events giving rise to this suit until present.

32.    Produce all documents that relate or refer to your employment policies and procedures, including disciplinary procedures, codes of conduct, evaluation procedures, occupational qualifications, orientation and training, and merit or seniority systems within the five-year period preceding the events giving rise to this suit until present.

33.    Produce all documents that relate, refer to, summarize or describe a labor strike called by Local Union 1199.

34.    Produce all documents that relate or refer to the demographics of Kingsbridge Heights Rehabilitation Care Center based on race, ethnicity, national origin, age, job position, and seniority, including EEO-1 reports, I-9s, and employment surveys, within the five-year period preceding the events giving rise to this suit until present.

35.    Documents that relate or refer to your complaint, investigation, anti-discrimination and anti-retaliation policies and procedures within the five-year period preceding the events giving rise to this suit until present.

36.    Documents that show your hiring and retention practices, assignment and promotion policies, performance evaluations, and disciplinary procedures are neutral as to race, color, national origin, and ethnicity within the five-year period preceding the events giving rise to this suit until present.

37.    Documents that relate or refer to your investigation into the incidents concerning Plaintiffs' termination of employment.

38.    Personnel records and documents maintained by you with respect to those employees who work in Plaintiff's department or on Plaintiffs' work shift, who occupied and/or replaced Plaintiff in the position of Plaintiffs' job title or a similar job title after Plaintiff's termination until present.

39.    Documents that reflect your hiring of employees in the position of Plaintiff's job title or a job title with similar job description and/or in Plaintiffs' department from the date Plaintiffs' termination to present.

40.    A copy of any formal or informal complaint, grievance, charge, or petition from any person employed by Defendant alleging discrimination on the basis of race, color, national origin or ethnicity within the five-year period preceding the events giving rise to this suit until present.

41.    A copy of any formal or informal complaint, grievance, charge, or petition from any person employed by Defendant alleging retaliation for having opposed discrimination on the basis of race, color, national origin or ethnicity within the five-year

period preceding the events giving rise to this suit until present.

42.     A copy of any formal or informal complaint, grievance, charge, or petition made by Plaintiff Jocelyn McCalla within the five-year period preceding the events giving rise to this suit until present.

43.     A copy of any formal or informal complaint, grievance, charge, or petition made by Plaintiff June Bennett within the five-year period preceding the events giving rise to this suit until present.

44.     A copy of any formal or informal complaint, grievance, charge, or petition made by Plaintiff Juan Villalon within the five-year period preceding the events giving rise to this suit until present.

45.     All documents that show Plaintiff Juan Villalon complained of harassment, discrimination, or retaliation to your agents, representatives, or employees.

46.     All documents that show Plaintiff June Bennett complained of harassment, discrimination, or retaliation to your agents, representatives, or employees.

47.     All documents that show Plaintiff Joceyln McCalla complained of harassment, discrimination, or retaliation to your agents, representatives, or employees.

48.     Produce all documents that relate or refer to your responses to Plaintiffs' internal or administrative complaints, grievances, or charges of discrimination.

49.     A copy of any notice that you have been instructed to post from an administrative agency within the five-year period preceding the events giving rise to this suit until present.

50.     A copy of any negative disposition against you from an administrative agency or internal office concerning complaints of discrimination or retaliation within the

five-year period preceding the events giving rise to this suit until present.

51.    All documents prepared or reviewed by any expert who will testify at trial, including working papers, notes, calculations, diagrams, photographs, models, exhibits, reports and factual observations, and other documents.

52.    All documents considered in forming an opinion by any expert who will testify at trial.

53.    All invoices, bills, and other billing materials relating to the subject matter of this suit for each expert that you expect to testify at trial.

54.    All photographs, videotapes, audio recordings, and drawings that pertain in any way to the subject matter of this suit.

55.    Produce all documents that relate or refer to any communication with Plaintiffs' union regarding the termination of Plaintiffs' employment, and/or any of the events leading up to the termination of Plaintiffs' employment, including but not limited to, grievances and the outcome of the grievances.

56.    Produce all documents reflecting Plaintiffs' unemployment compensation records, including applications for unemployment benefits and your challenges to same.

57.    Produce all written policies for the retention and destruction of hard-copy and electronic documents, within the five-year time preceding the events giving rise to this suit until present.

58.    Produce all documents obtained from other persons that you have in your custody, possession or control, that you believe support your defenses to Plaintiffs' claims.

59.    Produce all written statements and other documentation provided to

Defendant or its agents by any person whom Defendant may call as a witness in the trial of this matter.

60.    Produce all written, tape recorded or otherwise recorded statements Defendant or its agents have obtained from any source concerning Plaintiff's claims in this case and/or any investigation of those claims.

61.    Produce all written statements and other documentation provided to Plaintiff or his agents by any person whom Defendant or its agents have contacted or interviewed in connection with the subject matter of this action.

62.    All written statements and other documentation in the possession or control of Defendant or its agents concerning any admissions or statements against interest made by any party to this action, or by any employee, officer, agent or representative of any party to this action.

63.    Produce all documents not previously requested above which support, relate or refer in any way the allegations contained in your Answer to Plaintiff's Summons and Complaint or that you intend to introduce as evidence at trial.

64.    All documents or correspondence of any kind which have not been previously requested, which relate in any way to, or which may lead to the discovery of relevant evidence concerning, any of the allegations set forth in Plaintiff s Complaint or the acts allegedly committed by Defendant of which Plaintiff complains.

65.    All documents in possession or control of Defendant or its agents, not previously requested concerning Plaintiffs' employment with Defendant, the termination of Plaintiffs' employment with Defendant and/or the Plaintiffs' allegations of discrimination and retaliation against Defendant in this litigation, including but not

limited to: all employee handbooks, personnel policy statements, performance evaluations, counseling and/or disciplinary notices, personal diaries, appointment books, calendars, written statements, written summaries of the events/statements pertinent to Plaintiffs' contentions in this action, tape recordings, computer stored information, electronic -mail prepared, maintained or obtained by Defendant, and any other documents generated by Defendant and/or any employees of Defendant.

Dated: Farmingdale, New York
       August 11, 2008

                             **FRANK & ASSOCIATES, P.C.**

             By:      _____

                             Peter A. Romero (PR-1658)
                             500 Bi-County Blvd., 112N
                             Farmingdale, New York 11735
                             (631) 756-0400

                             *Attorneys for Plaintiffs*

TO:    PAUL M. SOD, ESQ.
        *Attorney for Defendant*
        337R Central Avenue
        Lawrence, New York 11559
        (516) 295-0707

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of Plaintiffs' First Request for the Production of Documents via First Class Mail, this 11th day of August, 2008, on:

**PAUL M. SOD, ESQ.**
**Attorney for Defendant**
**337R Central Avenue**
**Lawrence, New York 11559**

I affirm that the foregoing statements are true, under penalty of perjury.

Dated: Farmingdale, New York
August 11, 2008

Peter A. Romero

# EXHIBIT B

Peter A. Romero (PR-1658)
FRANK & ASSOCIATES, P.C.
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
(631) 756-0400

*Attorneys for Plaintiffs*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JUNE BENNETT, et al.,

|  |  |
|---|---|
| Plaintiffs, | 07-CV-9456 (LAK) |
| -against- | **PLAINTIFFS' SUPPLEMENTAL REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

KINGSBRIDGE HEIGHTS REHAB. CARE
CENTER,

                          Defendant.
-------------------------------------------------------X

PLEASE TAKE NOTICE, that pursuant to Rules 26 and 34 of the Federal Rules

of Civil Procedure, the plaintiffs demand that the defendant herein produce and permit

plaintiff to inspect and copy the documents designated below, at the offices of Frank &

Associates, P.C., 500 Bi-County Blvd., 112N, Farmingdale, New York 11735, within

thirty (30) days of service of these document requests.

## **DEFINITIONS**

1.      Unless specifically indicated otherwise, the following definitions are applicable

throughout this document and are incorporated into each Document Demand.

2.     The term "document" shall be given the broadest meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include all kinds of writings, including but not limited to the original or draft of any kind of written or graphic matter in any medium, however or by whomever produced or reproduced, of any kind or description, whether sent or received or neither and all copies thereof which are different in any way from the original (whether by receipt stamps, notation, indication of copy sent or received or otherwise), regardless of whether designated "confidential," "privileged", or otherwise, and including without limitation, any paper, book, periodical, circular, pamphlet, notice, statement, notepad, diagram, account, photograph, blueprint, drawing, agreement, contract, questionnaire, calendar, diary, memorandum, advertising material, message, letter, postcard, telegram, facsimile communication, object, report, record, telephone record, transcript, study, note, notation, working paper, schedule, itinerary, intra-office communication,, e-mail message, communication sent or received via modem, inter-office communication, personal interview, chart, minute, index sheet, computer software, check, check stub, delivery ticket, bill, bill of lading, invoice, data sheet, flow sheet, price list, purchase order, receipt, quotation, bulletin, circular, manual, summary, graph or other data compilations from which information may be obtained, notation or recording of telephone or other conversation, or of interviews, or of conferences or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which you have or have had access to or of which you have knowledge.  If such data compilations or documents are contained on magnetic disks, tapes, or other media not readable by the human eye, the relevant portions of such compilations shall be translated through computers or other such detection or reading devices into printed form.

2

3.    The term "person" means the plural as well as the singular and includes any natural person, governmental unit or entity, partnership, firm, corporation, association, joint venture, trust, or any other form of organization or legal entity.

4.    The term "Communication" means every manner of transmitting and receiving facts, information, opinions and thoughts, whether orally, by documents, writing or copy thereof or otherwise.

5.    The term "Concerning" means relating to, referring to, describing, evidencing, showing, or constituting.

6.    The term "Referring to" and "arising out of" and its cognates mean summarizing, commenting upon, describing, digesting, reporting, listing, analyzing, studying, discussing, comprising or resulting from the subject matter identified in a request.

7.    The term "You" and "your" mean Defendants and their agents, attorneys, representatives, employees, or other persons acting on Defendants' behalf.

8.    The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.    The term "all" shall mean "any and all"; the term "each" shall mean "each and every."

10.    The use of the singular form of any word includes the plural and vice versa.

11.    "Defendant" shall mean the entities named in the caption of the Complaint, or any agent, employee or representative, including without limitation attorney thereof, investigator, or other person or entity who are in possession of or who may have obtained information for or on behalf of Defendants.

3

## INSTRUCTIONS

12.     You are to produce all documents referred to or described below which are in your possession, custody or control, within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure.

13.     These requests for documents shall be as broadly construed as possible to include all documents that may conceivably fall within their scope.  The specificity of any request for documents shall not be construed to limit the generality of any other request.  Whenever appropriate, the singular form of a word shall be interpreted in the plural, and the plural in the singular.

14.     All requested documents shall be produced within 30 days of the date of this request at the offices of Frank & Associates, P.C., 500 Bi-County Blvd., 112N, Farmingdale, New York 11735.

15.     You are to produce the original of each requested document together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be produced in lieu thereof.

16.     All requested documents shall be produced either as they are kept in the normal course of business, or organized and labeled to correspond to the categories requested.

17.     This request for documents is continuing in nature, so that if responsive documents come to your attention after your response, your response should be timely supplemented to include such documents.

4

18.    If you withhold any document on a claim or privilege or work product, then describe the type of document being withheld, its date, the identity of its author, its subject matter, its current location, and the specific grounds for withholding the document.

19.    Where a request requires the production of documents, the original shall be produced unless it is not in your custody.  If copies are all that is available, the reverse side of each such document shall be copied unless it is completely blank.  All copies that are non-identical to the original should be produced along with the original.

20.    All documents must be produced in their original file folders, binders, or other covers unless that is not possible.  Whenever a document or group of documents is taken out of a file folder, cover, file drawer, file box or notebook before the same is produced, attach thereto a copy of the label of the file folder, binder, cover, file drawer, file box or notebook from which the document or group of documents was removed.

21.    If any document requested was formerly in the possession, custody, or control of Defendant(s) and has been lost or destroyed, Defendant is requested to submit, in lieu of each such document, a written statement which:

a.    describes in detail the nature of the document and its contents

b.    identifies the person who prepared or authorized the document

c.    specifies the date on which the document was lost or destroyed, and if destroyed, the contents and the identity of the person requesting and performing the destruction.

## **DOCUMENTS REQUESTED**

1.      Produce all documents received by Defendant or its agents from 1199 SEIU in response or pursuant to a subpoena.

2.      Produce all documents received by Defendant or its agents from the NLRB in response or pursuant to a subpoena.

3.      Produce all documents relating to notification of Plaintiff's right to continue coverage pursuant to COBRA.

4.      Produce all documents that reflect, refer and/or relate to communications between Defendant, its agents and/or servants and the administrator of Defendant's employee health plan concerning the termination of Plaintiffs' employment.

5.      Produce all documents that show the identity, date of hire, and position or job title of all persons of Polish national origin hired by Defendant for the five years preceding the event that gives rise to this action to present.

6.       Produce all documents that show the identity, date of hire, and position or job title of all persons of Russian national origin hired by Defendant for the five years preceding the event that gives rise to this action to present.

7.      Produce all documents that show the identity, date of hire, and position or job title of all persons of Hispanic national origin hired by Defendant for the five years preceding the event that gives rise to this action to present.

8.      All documents in the possession or control of Defendant or its agents concerning any litigation or administrative proceedings alleging racial discrimination and/or retaliation ever instituted against Defendant other than the instant action, including

6

but not limited to: any documents which reflect the index, docket, complaint, charge or other identification number of such litigations or administrative proceedings; any documents concerning the name, address and telephone number of the court, agency or other forum in which such litigations or administrative proceedings were commenced; any documents which reflect the date(s) upon which each litigation or administrative proceeding was commenced; any documents concerning the claims advanced in connection with each litigation or administrative proceeding; and any documents concerning the outcome or present status of each litigation or administrative proceeding.

9.     All documents that refer or relate to any investigation of alleged discriminatory and/or retaliatory practices of Defendant undertaken by any governmental entity during the five years preceding the events that give rise to this litigation to present, including but not limited to the New York City Human Rights Commission, the New York State Division of Human Rights, and/or the U.S. EEOC.

10.    Produce any photographs, video and/or audio tape recordings that purport to depict any of the Plaintiffs threatening, harassing and/or intimidating any individual.

11.    Produce all documents relating to notice to Defendant from the union of its intent to rally, leaflet, picket, or strike during the month of May 2006.

12.    Produce all documents which evidence, reflect, relate and/or refer to a meeting between Solomon Rutenberg and Defendant's employees held in May 2006 regarding the proposed strike, including but not limited to the letter Rutenberg distributed to employees dated May 12, 2006.

13.    Produce all documents relating to Defendant's effort to find replacement employees to work during the anticipated strike.

7

14.    Produce all documents that show the identity and date of hire of persons hired by Defendant to replace workers during the anticipated strike.

15.    Produce all documents that show the identity, date of hire, and position or job title of persons hired by Defendant during the months of April, May and June 2006.

16.    Produce all written agreements between Defendant and employment agencies, including but not limited to Town, Big Apple and Juno.

17.    Produce all communications between Defendant and employment agencies during the months of April, May and June 2006.

18.    Produce all invoices, bills, and billing statements that Defendant received from employment agencies for the year 2006.

19.    Produce all documents submitted by Defendant to any governmental entity or agency relating to the claims and/or defenses in this action, including without limitation, all documents Defendant submitted to the NLRB, New York State Division of Human Rights and the U.S. EEOC.

20.    Produce all documents received by Defendant from any governmental entity or agency relating to the claims and/or defenses in this action, including without limitation, all documents received from the NLRB, New York State Division of Human Rights and the U.S. EEOC.

8

Dated: Farmingdale, New York
       August 11, 2008

**FRANK & ASSOCIATES, P.C.**

By:              
       Peter A. Romero (PR-1658)
       500 Bi-County Blvd., 112N
       Farmingdale, New York 11735
       (631) 756-0400

       *Attorneys for Plaintiffs*

TO:    PAUL M. SOD, ESQ.
      *Attorney for Defendant*
      337R Central Avenue
      Lawrence, New York 11559
      (516) 295-0707

9

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of Plaintiffs' Supplemental Request for the Production of Documents via First Class Mail, this 15th day of August, 2008, on:

**PAUL M. SOD, ESQ.**
**Attorney for Defendant**
**337R Central Avenue**
**Lawrence, New York 11559**

I affirm that the foregoing statements are true, under penalty of perjury.

Dated: Farmingdale, New York
      August 15, 2008

Peter A. Romero

10

# EXHIBIT C

# FRANK & ASSOCIATES, P.C.

—— ATTORNEYS AT LAW ——

**500 Bi-County Boulevard, Suite 112N • Farmingdale, New York 11735**
**Tel: (631) 756-0400 • Fax: (631) 756-0547**
**E-Mail: nfrank@laborlaws.com**

Neil M. Frank

September 3, 2008

**VIA FACSIMILE (516) 295-0722**
**AND FIRST CLASS MAIL**
Paul M. Sod, Esq.
337R Central Avenue
Lawrence, New York 11559

*Re:    June Bennett et al. v. Kingsbridge Heights 07-CV-9456 (LAK)*

Dear Mr. Sod:

I am in receipt of Defendant's responses to Plaintiff's First Request for the Production of Documents. While the deficiencies in Defendant's document production are too numerous to enumerate in this letter, it is readily apparent, even upon cursory review, that critical, fundamental documents have not been provided.

Defendant failed to produce any (let alone all) documents relating to communications between Defendant and the persons who allegedly complained that they had been threatened and/or harassed, as requested in Document Request No. 3. In fact, Defendant failed produce any documents which show the identity of the complaining employees, as requested in Document Request No. 5.

Significantly, Defendant failed to produce the personnel file of Janice LaMarche, as requested in Document Request No. 12, or any documents relating to Defendant's investigation of the complaints allegedly made against Plaintiffs as requested in Document Request Nos. 28 and 37.

With respect to Plaintiffs' Supplemental Request for Documents, Defendant failed to respond to Plaintiffs' requests for documents concerning the demographics of its workforce (Supp. Doc. Req. Nos. 5, 6, and 7); or any photographs, video and/or audio recordings which substantiate the allegations made against Plaintiffs (Supp. Doc. Req. No. 10).

Please provide this discovery so that it is received by Friday, September 5, 2008, or we will be forced to make a motion to compel Defendant's production.

Very truly yours,

FRANK & ASSOCIATES, P.C.

Peter A. Romero

—— **~ Employment, Labor Relations and Benefits Litigation ~** ——

```
                    TRANSMISSION VERIFICATION REPORT

                                            TIME  : 09/03/2008 16:19
                                            NAME  :
                                            FAX   :
                                            TEL   :
                                            SER.# : 000J6J800271


    DATE,TIME                   09/03  16:19
    FAX NO./NAME                15162950722
    DURATION                    00:00:26
    PAGE(S)                     01
    RESULT                      OK
    MODE                        STANDARD
                                ECM
```

# FRANK & ASSOCIATES, P.C.

——————— ATTORNEYS AT LAW ———————
**500 Bi-County Boulevard, Suite 112N • Farmingdale, New York 11735**
Tel: (631) 756-0400 • Fax: (631) 756-0547
E-Mail: nfrank@laborlaws.com

Neil M. Frank

September 3, 2008

**VIA FACSIMILE (516) 295-0722**
**AND FIRST CLASS MAIL**
Paul M. Sod, Esq.
337R Central Avenue
Lawrence, New York 11559

*Re:    June Bennett et al. v. Kingsbridge Heights 07-CV-9456 (LAK)*

Dear Mr. Sod:

I am in receipt of Defendant's responses to Plaintiff's First Request for the Production of Documents. While the deficiencies in Defendant's document production are too numerous to enumerate in this letter, it is readily apparent, even upon cursory review, that critical, fundamental documents have not been provided.

Defendant failed to produce any (let alone all) documents relating to communications between Defendant and the persons who allegedly complained that they had been threatened and/or harassed, as requested in Document Request No. 3. In fact, Defendant failed produce any documents which show the identity of the complaining employees, as requested in Document Request No. 5.

Significantly, Defendant failed to produce the personnel file of Janice LaMarche, as requested in Document Request No. 12, or any documents relating to Defendant's investigation of the complaints allegedly made against Plaintiffs as requested in Document Request Nos. 28 and 37.

With respect to Plaintiffs' Supplemental Request for Documents. Defendant failed

# EXHIBIT D

Paul M. Sod (PS-9170)
Attorney for Defendant
337R Central Avenue
Lawrence, NY 11559
(516) 295-0707

*Attorney for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JUNE BENNETT, JOCELYN McCALLA                    07-CV-09456  (LAK)
and JUAN VILLALON,

                        Plaintiffs          Defendant's Response to Plaintiff's
                                            Requests for the Production of Documents

      -against-


KINGSBRIDGE HEIGHTS REHAB.CARE CENTER

                          Defendants
-------------------------------------------------------X

      PLEASE TAKE NOTE, that the defendants respond to your first request for production of

documents, dated August 11, 2008 and plaintiff's supplemental request for production of documents,

dated August 15, 2008, as follows:

### GENERAL OBJECTIONS

      The defendant asserts the following general objections to plaintiff's unsolicited request for

the production of documents:

      A.      Numerous of plaintiffs' document requests infringe on attorney-client privilege and

on the attorney work product privilege and to that extent, defendant objects to the plaintiffs'

discovery requests.

B.      Numerous of plaintiffs' discovery requests infringe on the privacy of the employees of Kingsbridge Heights Care Center and to that extent are improper.

C.      Numerous of plaintiffs' requests for production of documents may tend to threaten the safety and well being of employees of the defendant and to that extent are objectionable.

D.      Numerous of plaintiffs' requests for production of documents impinge on confidential business records and to that extent are objectionable.

E.      Numerous of plaintiffs' requests for production are burdensome, harassing and patently seeking items and information that are irrelevant to the issues in this lawsuit.

F.      Numerous of plaintiffs' for production of documents are repetitive, duplicative and harassing.

G.      Defendant objects to these requests for production of documents to the extent that they seek documents that may tend to compromise patient confidentiality.

H.      Defendant objects to those interrogatories to the extent that they seek documentation in the public domain which are available to the plaintiffs.

I.      Defendant presents all documents herein and contends that each document presented is responsive to each request. Each document speaks for itself, and defendant's directing plaintiffs to the various documents is for the court's convenience only. This general objection applies throughout defendant's responses to plaintiff's request and supplemental requests for production of documents.

## RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Defendant asserts General Objections B, D and H.

2.      Defendant asserts to general objections B, C and D without prejudice presents documents 45 through 367 in response to this request.

2

3.    See response to paragraph # 2.

4.    See response to paragraph # 2.

5.    Defendant asserts General Objections B, C and H.

6.    Defendant asserts General Objections A, B, C D and H and without waiver presents documents 45 through 373 in response to this request.

7.    See response to #6.

8.    See response to #6.

9.    See response to #6.

10.    Defendant asserts general objections B, C and D. Notwithstanding the foregoing, and without waiver, defendant has none.

11.    Defendant asserts  general objection H to this request.

12.    Defendant refuses to produce the personnel file of Janice Lamarche on grounds of general objections B, C and D.

13.    Annexed hereto please find copies of the entire personnel file of plaintiff Juan Villalon at pages 280 through 367.

14.    Annexed hereto please find copies of the entire personnel file of plaintiff June Bennett at pages 45 through 216.

15.    Annexed hereto please find copies of the entire personnel file of plaintiff Jocelyn McCalla at pages 217 through 279.

16.    See response to #6.

17.    See response to #6.

18.    See response to #6.

3

19.     See response to #6.

20.     This document, by plaintiff's own admission to have been the affidavit of Juan Villalon, is something that is or should be in the possession of the plaintiffs. Defendant further asserts General Objection H.

21.     See response to # 6.

22.     Included in documents identified in response to request #13.

23.     Included in documents identified in response to request #15.

24.     Defendant asserts General Objections A, B, C, D and H and without waiver presents the documents identified in response to request #13.

25.     Defendant asserts General Objections A, B, C, D and H and without waiver presents the documents identified in response to request #14.

26.     Defendant asserts General Objections A, B, C, D and H and without waiver presents the documents identified in response to request #15.

27.     Defendant asserts General Objections A, B, C and D and without waiver presents documents 45 through 373 in response to this request.

28.     See response to #27, in addition to which defendant asserts General Objection H.

29.     See response to #27.

30.     Defendant asserts General Objections A, B, D, E and F and without waiver presents document #14.

31.     See response to #30.

32.     Defendant asserts General Objections A, B, C and D and without waiver presents documents 19 through 42 and 45 through 373 in response to this request.

4

33.     Defendant refuses to respond to this request for production of documents because of general objections A, E, F and H.

34.     Defendant asserts General Objections A, B and C and without waiver has none.

35.     Defendant asserts General Objections A and D and without waiver presents documents 19 through 42 in response to this request.

36.     See response to #32.

37.     See response to #28 in addition to which defendant asserts General Objections E and F.

38.     Defendant asserts general objections B, C and D.

39.     Defendant asserts general objections B, C and D.

40.     Defendant asserts General Objections A, B, C, D and H and without waiver presents documents 1 through 373 in response to this request.

41.     Upon information and belief, none

42.     Defendant asserts General Objections A and H.  In addition, plaintiff Jocelyn McCalla is or should be in possession of any formal or informal complaints, grievances, charges or petitions made by her.

43.     Defendant asserts General Objections A and H.  In addition, plaintiff June Bennett McCalla is or should be in possession of any formal or informal complaints, grievances, charges or petitions made by her.

44.     Defendant asserts General Objections A and H.  In addition, plaintiff Juan Villolon is or should be in possession of any formal or informal complaints, grievances, charges or petitions made by her.

45.     Defendant asserts general objections A, B, C, D and H and without waiver presents

5

documents 280 through 373 in response to this request.

46.    Defendant asserts general objections A, B, C, D and H and without waiver presents documents 45 through 216 and 368 through 373 in response to this request

47.    Defendant asserts General Objections A, B, C, D and H and without waiver presents documents 217 through 279 and 368 through 373 in response to this request.

48.    Defendant asserts General Objections A, E, F and H.

49.    Defendant asserts General Objections A, E, F and H.

50.    Defendant has at this time no documents prepared or viewed by any experts who will testify at trial and reserves the right to supplement this response at a later date.

51.    Defendant has at this time no documents prepared or viewed by any experts who will testify at trial and reserves the right to supplement this response at a later date.

52.    Defendant has at this time no such documents.

53.    Defendant asserts General Objection A and without waiver is not in possession of any such items.

54.    See response to #28.

55.    Defendant asserts General Objections  A and H and without waiver presents documents 45 through 373 in response to this request.

56.    Defendant asserts General Objections A and D  and without waiver presents documents 19 through 42 in response to this request.

57.    None other than attached hereto.

58.    Defendant asserts General Objections  A and D  and without waiver presents documents 1 through 373 in response to this request.

59.    See response to #53.

60.    Defendant asserts general objections A, B and C but without waiver presents documents 45 through 373.

61.    See response to #60.

62.    None other than annexed hereto.

63.    None other than annexed hereto.

64.    None other than annexed hereto.

## RESPONSE TO PLAINTIFFS' SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS

1.    Defendant asserts general objections E and F and without wiaver presents documents 45 through 373.

2.    None.

3.    Defendant asserts General Objection A and without waiver presents documents 19 through 367 in response to this request.

4.    Defendant asserts General Objection A and without waiver presents documents 19 through 367 in response to this request.

5.    Defendant asserts General Objections A, B and C and without waiver presents documents 1 through 367 in response to this request.

6.    See response to supplement request #5.

7.    See response to supplement request #5.

8.    Defendant asserts General Objections A, E, F and H and without waiver submits documents 45 through 373.

7

9.    Defendant asserts General Objections A, E, F and H and without waiver presents documents 45 through 367 in response to this request.

10.    Upon information and belief, none.

11.    Defendant asserts general objections E and F.

12.    Defendant asserts general objections A, E and F.

13.    Defendant asserts General Objections C and F.

14.    Defendant asserts General Objections C and F.

15.    Defendant asserts General Objections A, B and C and without waiver presents documents 43 through 44 in response to this request.

16.    Defendant asserts General Objection D and without waiver presents documents 1 through 13 and 16 through 18 in response to this request.

17.    See response to supplemental request #16.

18.    See response to supplemental request #16.

19.    Defendant asserts General Objections A, D, E, F and H and without waiver presents documents 1 through 373 in response to this request.

20.    See response to supplemental request #19.

PLEASE TAKE NOTICE that defendant reserves the right to supplement these responses at any time up through and including trial of this matter.

Dated: Lawrence, New York
      September 2, 2008

Yours, etc.

Paul M. Sod (PS-9170)
Attorney for the defendant
337R Central Avenue
Lawrence, NY 115595
T. 516-295-0707

TO:    FRANK & ASSOCIATES, P.C.
        Attorneys for plaintiffs
        Peter Romero, Esq. (PR-1658)
        500 Bi-County Blvd., Suite 112N
        Farmingdale, NY 11735
        T. 631-756-0400

9